First National Bank of Madison vs. Damm and another, imp.

*By the Court.*— Order affirmed.

FIRST NATIONAL BANK OF MADISON, Respondent, vs. DAMM and another, imp., Appellants.

*April 10 — April 28,,1884.*

*Chattel mortgage — Absolute bill of sale given as security — Filing — Taking possession — Foreclosure by suit — Future advances.*

1. A bill of sale of chattels, though absolute in form, if given to secure a loan of money, will be treated in all respects like a chattel mortgage.
2. Possession taken by the vendee under such bill of sale, with consent of the vendors, though subsequent to the execution of the instrument, is equivalent to the filing thereof in the proper office, and is notice of the nature and extent of the vendee's claim.
3. Such instrument, containing no power of sale, may be foreclosed by suit, especially when there is a controversy as to its priority over other liens.
4. A chattel mortgage given to secure future advances is valid to the extent of the advances actually made.

APPEAL from the Circuit Court for *Dane* County.

The case is thus stated by Mr. Justice CASSODAY:

"This is an action to foreclose a bill of sale given to secure future advances of money, and claimed to be a chattel mortgage. The makers made default. The appellants are made defendants as subsequent mortgagees.

"The court found, in effect, that the makers, Roland and Blied, were copartners, residing in the city of Madison during the times in question; that to secure such advances they executed and delivered to the plaintiff the bill of sale, Feb-

ruary 13, 1882, reciting a consideration of $2,500, upon a frame elevator or warehouse, with the engine, boiler, machinery, scales, tools, trucks, and fixtures therein situated, on the grounds of the Chicago & Northwestern Railroad Company, on the north side of its track in Mt. Horeb, in the town of Blue Mounds, Dane county, and all their interest as lessees or licensees of said railway company, in and to the premises on which they were situate; that said bill of sale was filed as a chattel mortgage in the office of the town clerk of Blue Mounds, February 18, 1882; that the plaintiff did make such advances from time to time, and from time to time Roland and Blied renewed the same by giving their promissory notes; that December 14, 1882, the plaintiff held against them, for such loans, one note for $3,000, dated November 2, 1882, due in ninety days, and upon which nothing had been paid, and one for $1,000, dated November 4, 1882, due on demand, and upon which $35 had been paid, and upon which a judgment for damages and costs of $997.51 was rendered and docketed December 16, 1882; that in the forenoon of December 14, 1882, Roland and Blied executed and delivered to the appellants, *Damm* and *Helmus*, a chattel mortgage, reciting that it was upon all of the said property being then in the possession of Roland and Blied, " and free from all incumbrance except one mortgage to the First National Bank, of three thousand dollars," and which chattel mortgage was given to secure about $1,400 in notes held by *Damm* and *Helmus*, respectively, and given by Roland and Blied, and which chattel mortgage was filed in the office of the town clerk of Blue Mounds, December 14, 1882, at 9 :23 o'clock in the forenoon; and that the same was filed in the office of the clerk of the city of Madison in March, 1883; that in the afternoon of December 14, 1882, the plaintiff, with the knowledge and assent of Roland and Blied, took possession of the property described in the bill of sale, and continued

to retain possession thereof; that each and every allegation of the complaint was true.

" As conclusions of law, the court found, in effect, that Roland and Blied were indebted to the plaintiff as found; that the bill of sale was a valid and subsisting chattel mortgage and security for the payment of such indebtedness; that the possession taken under the bill of sale was equivalent to filing the same in the proper office as of that date; that the plaintiff's claim to the property under the bill of sale, and such possession, was superior and paramount to that of the appellants under their chattel mortgage; that the plaintiff was entitled to judgment foreclosing the defendants, and each and every one of them, and all persons claiming under them, of all equity of redemption.

" From the judgment entered accordingly *Damm* and *Helmus* appeal."

*H. W. Chynoweth* and *T. B. Chynoweth*, for the appellants, contended, *inter alia*, that a bill of sale, absolute in form, cannot be filed as a chattel mortgage. Not having the essential characteristic of a mortgage, a defeasance, its filing would not give notice of the real condition of the title; and the statute nowhere authorizes such filing. *Williams v. Nichols*, 121 Mass. 435; *State v. Bell*, 2 Mo. App. 102; *Dukes v. Jones*, 6 Jones Law (N. C.), 14; *Gaither v. Mumford*, Tayl. Term (N. C.), 600; *Gibson v. Love*, 4 Fla. 217; *Friedley v. Hamilton*, 17 Serg. & R. 70; *Dey v. Dunham*, 2 Johns. Ch. 182; *Laughlin v. Ferguson*, 6 Dana (Ky.), 111; *Lobban v. Garnett*, 9 id. 390. At common law an oral mortgage of chattels is valid as between the parties but not as against third persons without an *accompanying* delivery of possession. *Morrow v. Turney's Adm'r*, 35 Ala. 136; *Brooks v. Ruff*, 37 id. 374; *Bickley v. Keenan*, 60 id. 293; *Glover v. McGilvray*, 63 id. 508; *Conchman v. Wright*, 8 Neb. 4; *Goodenow v. Dunn*, 21 Me. 92. Our statutes (R. S. secs. 2313–16, 2318) by necessary implication require every

mortgage to be in writing *and to be capable of filing.* *Bank of Rochester v. Jones,* 4 N. Y. 506; Jones on Chat. Mortg. (2d ed.), sec. 2; *Bowers v. Oyster,* 3 Pen. & W. 239; *Mode's Appeal,* 6 Watts & S. 280. Possession of the property has the same efficacy as filing the instrument under which possession is taken, and no more than that; and in every case possession must be by virtue of an instrument which can be filed and whose filing will be notice to the public. *Bullock v. Williams,* 16 Pick. 35; *Freeman v. Rawson,* 5 Ohio St. 1; *Bowen v. Clark,* 1 Biss. 131; *Robinson v. Elliott,* 22 Wall. 524; *Single v. Phelps,* 20 Wis. 398; *Chenery v. Palmer,* 6 Cal. 119; *Maier v. Davis,* 57 Wis. 216; *Harvey v. Crane,* 2 Biss. 496; *Blakeslee v. Rossman,* 43 Wis. 116. A delivery of possession, to satisfy the requirements of the statute, must be *immediate* upon the execution of the mortgage. R. S. sec. 2314; *Williamson v. N. J. S. R. Co.* 28 N. J. Eq. 277; *S. C.* 29 id. 311; *Currie v. Knight,* 34 id. 485. And there must be a *delivery* by the mortgagor. No mere taking of possession, as in this case, is sufficient. R. S. sec. 2313; *Cameron v. Marvin,* 26 Kan. 612; *Manufacturers' Bank v. Rugee,* 59 Wis. 221. The mortgage to the plaintiff is void because uncertain as to time and amount. *Robinson v. Elliott,* 22 Wall. 524; *Rood v. Welch,* 28 Conn. 157; *Gill v. Griffith,* 2 Md. Ch. 282, 287; *Butts v. Peacock,* 23 Wis. 361; *Fowler v. Hunt,* 48 id. 345. If plaintiff were in the lawful possession of the property there would be no need to bring an action to foreclose; and the bringing of the suit amounts to a relinquishment of the possession, and annuls the prior possession. *Case v. Boughton,* 11 Wend. 107; *In re Haake,* 7 Bankr. Reg. 70; *Hall v. Bellows,* 11 N. J. Eq. 333; *Willard v. Reas,* 26 Wis. 543; *Swett v. Brown,* 5 Pick. 178; *Fay v. Valentine,* id. 419; *Libby v. Cushman,* 29 Me. 432; *Smith v. Kelley,* 27 id. 240.

For the respondent there was a brief by *Stevens & Morris,* and oral argument by *Mr. Stevens.* They argued, among

other things, that an absolute bill of sale with oral defeasance is a chattel mortgage and may be filed as such. *Manufacturers' Bank v. Rugee*, 59 Wis. 221; Jones on Chat. Mortg. secs. 22, 24, 275, 289; *Morrow v. Reed*, 30 Wis. 81; *Maier v. Davis*, 57 id. 212; *Blakeslee v. Rossman*, 43 id. 116; *Single v. Phelps*, 20 id. 398. The possession taken by the plaintiff rendered its mortgage valid as against the defendants. *Adams v. Wheeler*, 10 Pick. 199; *Carpenter v. Snelling*, 97 Mass. 452; *Wright v. Tetlow*, 99 id. 397; *Morrow v. Reed*, 30 Wis. 81. Taking possession with the assent of Roland for the partners, Roland and Blied, is equivalent to delivery and retention. *Blakeslee v. Rossman*, 43 Wis. 116. No particular form or ceremony was requisite. Jones on Chat. Mortg. secs. 180, 183, 375, 164. The taking possession or filing may be done at any time after the execution of the mortgage before other liens attach. Jones on Chat. Mortg. secs. 237, 319, 320, 322, 243.

CASSODAY, J. The bill of sale having been given to secure the loan of money must be treated in all respects as a chattel mortgage. *Lamson v. Moffat*, 61 Wis. 156; *Manufacturers' Bank v. Rugee*, 59 Wis. 221; *Rockwell v. Humphrey*, 57 Wis. 410. Being a chattel mortgage, and the makers being residents of Madison at the time of its execution and since, the filing of it in the town of Blue Mounds was of no significance, under our statute, as against the appellants or any other person than the parties thereto. Sec. 2313, R. S.; *Maier v. Davis*, 57 Wis. 216; *Rockwell v. Humphrey*, 57 Wis. 421; *Manufacturers' Bank v. Rugee*, 59 Wis. 227. The filing being nugatory, it must, as to the appellants, be treated as though it was never filed. The same is true in respect to the filing of the chattel mortgage taken by the appellants in the town of Blue Mounds. Had that mortgage been filed in the proper office in the city of Madison at the time it was so filed in the town, it would have super-

seded the mortgage of the plaintiff, unless it was saved by the exception therein contained. Since the section of the statute mentioned is absolute, and without any reference to notice or the *bona fides* of the transaction, it may be questionable whether the exception was of any significance. But since there was no filing of that mortgage which the courts can recognize until months after it is claimed the plaintiff took possession, it becomes unnecessary to consider that question here.

Thus it appears that at noon, December 14, 1882, neither the plaintiff nor the appellants had, under the statute, any mortgage or lien upon the property in question which was of any validity as against the other. But it is not essential, under that statute, that the mortgage should be filed at all, in case " the possession of the mortgaged property be delivered to and retained by the mortgagee." The statute makes the mortgage invalid unless one or the other is done; but both are not required to make the mortgage valid. It is entirely optional with the parties as to which method they will adopt to make the mortgage effectual. There is no claim that the appellants at any time took possession or attempted to get possession. It is claimed that the plaintiff took possession on the afternoon of December 14, 1882. We think the finding to that effect is sustained by the evidence. It appears, in effect, that Mr. Morris took possession of the building under the bill of sale for the plaintiff in the presence of Mr. Roland, the sheriff, Mr. Weeks, who had attached certain grain in the building, and others; that the next day the keys of the building were delivered to Cowie, of Mount Horeb, for the plaintiff, and an agreement was made between the plaintiff, the sheriff, and Mr. Roy, that the latter should be in the immediate charge of the building for the plaintiff, and sleep therein nights, and of the grain for the sheriff. Roy and Cowie were agents for the plaintiff.

These facts being undisputed, were certainly sufficient to show that the plaintiff took and retained possession of the building under the bill of sale.    True, the evidence is quite meager, and fails to make any definite mention of the other articles of property covered by the bill of sale; but as the engine, boiler, machinery, scales, tools, trucks, and fixtures were necessarily all, or nearly all, in the building, which was the principal thing, we think, in the absence of any evidence to the contrary, it may fairly be inferred that the possession included all the items of property mentioned. The plaintiff certainly had the right, under the bill of sale, and with the consent of the makers, to take possession of the property at the time it did.    Having taken possession, and the appellants at the time having no lien on the property as against the plaintiff, they are in no position to claim that such possession was prematurely taken.    Besides, the makers were, to a certain extent, in default when possession was taken.    Such taking possession was certainly equivalent to the filing of the bill of sale in the proper office, and perhaps more; for whoever after that dealt with Roland & Blied in reference to that property necessarily did so in subordination to the rights of the plaintiff, under and by virtue of such possession.    The filing of the chattel mortgage in the proper office by the appellants some months after such possession, must be treated the same as though their chattel mortgage had been executed to them at that time; for the prior filing was nugatory, and without filing it was invalid as against the plaintiff.    The result is that the appellants took their chattel mortgage subject to all liens of the plaintiff under its bill of sale; the possession under it, and its parol agreement with the makers for such possession, was notice to the appellants of the nature and extent of the plaintiff's claims.    *Coe v. Manseau*, 62 Wis. 81.

This obviates the necessity of considering the question so elaborately discussed by counsel, whether the bill of sale

was void by its failure to accurately state the amount for which it was given to secure, and that it was given as security. Certainly there can be no objection to the validity of a mortgage or pledge taken as security for future advances to the extent of the advances actually made. *Carter v. Rewey*, 62 Wis. 552.

Since the plaintiff's mortgage contained no power of sale, and the appellants claimed that their mortgage was the superior lien, it was eminently proper that the controversy should be determined by action, and the sale made in pursuance of a decree. This is so whether the plaintiff's rights were those of a mortgagee or pledgee or both. Jones, Pledges, §§ 640–648; Jones, Ch. Mortg. §§ 707, 711, 743, 756, 758, 821. Such foreclosure is certainly for the interest of all subsequent claimants, and could not in any event work to their prejudice, except in the matter of costs. We find no material error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.