SANGER, Respondent, vs. GUENTHER, Garnishee, etc., Appellant.

*January 10 — January 29, 1889.*

*Debtor and creditor: Chattel mortgages: Delay in filing: Estoppel: Garnishment: Failure to prove issuance of execution: Appeal.*

1. When the mortgagee of chattels delays the filing of his mortgage at the request of the mortgagor and in order that the credit of the latter may not be injured, he is estopped to assert such mortgage as against creditors who, after the execution of the mortgage and before its filing, gave credit to the mortgagor upon the faith that his property was unincumbered; and this is so although the mort-

---

[1] Sec. 2323, R. S., provides that the question of fraudulent intent, in all cases arising under the provisions of title XXII, relating to "Fraudulent Conveyances and Contracts," shall be deemed a question of fact, and not of law.

Sec. 4284 provides that an insolvent debtor applying for his discharge shall annex to his petition and schedule an affidavit stating that the account of his creditors and the inventory of his estate are in all respects just and true, and that he has not, at any time or in any manner whatsoever, disposed of or made over any part of his estate for the future benefit of himself or his family or in order to defraud any of his creditors, etc.

Sec. 4302 provides that "every discharge granted to an insolvent under this chapter shall be voidable in each of the following cases: (1) If such insolvent shall wilfully have sworn falsely in his affidavit annexe d to his petition, or upon his examination, in relation to any material fact concerning his estate or his debts, or to any other material fact; . . . "— REP.

gagee had no actual intent to defraud any creditor. *Standard Paper Co. v. Guenther*, 67 Wis. 101, followed.

2. The fact that a creditor who took the note of the mortgagor before the mortgage was filed, required such note to be signed also by other persons, is not conclusive that he did not rely upon the property of the mortgagor ultimately to pay it.

3. The fact that the creditor permitted the mortgagee to take possession and dispose of the mortgaged property does not estop him from requiring the latter to account therefor.

4. An affidavit for garnishment stating that an execution has been issued on a judgment against the principal defendant and has not been returned, is sufficient to give the court jurisdiction over the proceeding; and where the fact that an execution had been issued was not contested in the trial court it cannot be objected, on appeal, that there was no proof of that fact.

APPEAL from the Superior Court of *Milwaukee* County.

Garnishment in aid of an execution issued on a judgment in favor of the plaintiff and against the Freie Presse Company, L. R. Roeder, and M. L. Roeder, upon a promissory note executed by them June 16, 1884. Said judgment was rendered March 26, 1885, and this proceeding by garnishment was instituted December 2, 1886. The garnishee denied all liability as such, and issue was taken on his answer. Upon the trial of such issue it appeared that on May 10, 1884, the Freie Presse Company had given a chattel mortgage upon its personal property to the garnishee; that such mortgage was not filed until November 12, 1884; and that on March 31, 1885, the garnishee took possession of the mortgaged property, and had sold portions thereof prior to the commencement of this proceeding. Other facts will appear from the opinion. The garnishee appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Frisby, Gilson & Elliott*, and oral argument by *F. L. Gilson*. They contended, *inter alia*, that the plaintiff is equitably estopped from questioning the title of the garnishee, by reason of his laches in delaying for twenty months to take any steps to

collect his judgments, while the garnishee was expending time and money in disposing of the property. 2 Pomeroy's Eq. Jur. sec. 818; *Somersetshire C. C. Co. v. Harcourt*, 2 DeG. & J. 596; *Chapman v. Chapman*, 59 Pa. St. 214; Bigelow on Estoppel, 453, note 1; *Brooks v. Curtis*, 4 Lans. 283. The mortgage to the garnishee should be treated as though it had been executed on the day it was filed, November 12, 1884, and plaintiff can only defeat it by obtaining a lien prior to such filing. Jones on Chat. Mortg. 245; *Cameron v. Marvin*, 26 Kans. 612–627; *Overstreet v. Manning*, 67 Tex. 657; *Ransom v. Schmela*, 13 Neb. 73; *Hayman v. Jones*, 7 Hun, 238; *Kennedy v. Nat. Union Bank*, 23 id. 494; *Jones v. Graham*, 77 N. Y. 628.

For the respondent there was a brief by *Markham, Williams & Bright*, and oral argument by *A. H. Bright*.

COLE, C. J. The counsel for the respondent is fully justified in insisting that this case, in all its essential facts, is the same as *Standard Paper Co. v. Guenther*, 67 Wis. 101. The cases cannot be distinguished in principle. The findings of fact by the trial court abundantly sustain this view. The head-note in the *Standard Paper Case* correctly states the principle decided in the following language: "When the mortgagee of chattels delays the filing of his mortgage at the request of the mortgagor and in order that the credit of the latter may not be injured, he is estopped to assert such mortgage as against creditors who, after the execution of the mortgage and before its filing, gave credit to the mortgagor upon the faith that his property was unincumbered; and this is so although the mortgagee had no actual intent to defraud any creditor."

In this case the trial court found, in substance, that the note which is the basis of the judgment on which this garnishee process was issued was given on the 16th day of June, 1884, in consideration of the settlement and discon-

tinuance by the plaintiff of a certain action then pending and being prosecuted by the plaintiff against the Freie Presse Company; that such note was received in settlement of that suit, and further credit extended to the Presse Company in good faith, upon the belief that the property of the Presse Company was unincumbered. The chattel mortgage was then in existence, but had been kept from the files of the proper office by the mortgagee and garnishee at the solicitation of the agents of the mortgagor, because it would hurt its credit and interfere with its business to have it placed upon record. The court also found that the plaintiff herein had no notice of the existence of this mortgage when he took the note, but relied upon the property of the Presse Company being unincumbered. That there is abundant testimony to sustain these findings cannot be successfully denied. Now, in the *Standard Paper Co. Case*, Mr. Justice TAYLOR in effect says that the withholding of the mortgage from the record by the mortgagee at the request of the mortgagor operates as a fraud upon the parties who deal with and give credit to the mortgagor upon the supposition that the property which he apparently owns is unincumbered; that, if the mortgagee is permitted to insist upon the validity of his mortgage as against those who have given credit under such circumstances, it amounts to a legal fraud, whether there is any actual intent on the part of the mortgagee to defraud a creditor or not. This undoubtedly would be the inevitable effect of such secret arrangements between the mortgagor and mortgagee about withholding from the record the chattel mortgage. It would in many cases operate as a fraud upon parties dealing with the mortgagor without notice of any such incumbrance upon his property.

It is said by the learned counsel for the garnishee that the plaintiff had notice of the existence of this mortgage, and did not rely upon the property of the Presse Company

being unincumbered when he settled the suit and took the notes. But the plaintiff himself testified that he had no notice of the chattel mortgage, and took the notes relying on the property of the Presse Company being unincumbered. But the same counsel insists that the plaintiff, by taking additional security, waived his right to rely upon the property of the Presse Company. It does appear that the Roeders signed the notes with the Presse Company at the time of the settlement, but the plaintiff says he did not regard them as responsible. There is certainly nothing in the evidence which warrants the assumption that the plaintiff, when he received the notes, did not rely upon the property of the Presse Company as means to pay them. Notwithstanding the plaintiff required the Roeders to sign the notes of the Presse Company, still it is a question of intent whether he did not in fact rely upon the property of the company ultimately to pay them. He says, in effect, that he did, and the trial court found that he did, and this is conclusive upon the question.

But it is further claimed that the plaintiff is equitably estopped from questioning the title of the garnishee by reason of his laches in delaying for twenty months to take any steps to collect his judgment against the Presse Company while the garnishee was expending time and money in disposing of the mortgaged property. It is true the plaintiff permitted the garnishee to take possession of the mortgaged property and dispose of it, but we cannot perceive how his delay or silence should estop him from insisting upon his rights. The garnishee is only bound to answer for property in his hands, belonging to the judgment debtor, which should be applied to the payment of the latter's debt. Upon the facts of this case the garnishee cannot hold the property of the Presse Company under his chattel mortgage, as against the plaintiff. This is what we have already intimated. Why should the plaintiff be estopped from

calling on him to account for the property in his hands or under his control to satisfy the plaintiff's demand? We perceive no ground for applying the doctrine of estoppel to the plaintiff upon the undisputed facts.

The affidavit for the garnishment was in aid of an execution under sec. 2753, R. S., as amended by ch. 286, Laws of 1885, and states that an execution had been issued on the judgment against the Presse Company which had not been returned. It is objected here, for the first time, that no proof was made of the issuing of the execution, and it is insisted that the proceeding should be dismissed for that reason. We think the objection comes too late. The fact that an execution had been issued was not contested in the court below, no question seems to have been made upon it where the proof could have been supplied and the objection obviated, and it ought not now to prevail. The statement in the affidavit that an execution had been issued which had not been returned was sufficient to sustain the jurisdiction of the court over the proceeding, and the plaintiff was not called upon to prove it unless the fact was contested or challenged in some proper manner in the trial court. It is unnecessary to remark that the filing of the mortgage in November, 1884, could not affect or defeat the plaintiff's rights which originated in the previous June, when he received his notes. The county court found, upon the evidence, that the garnishee had in his possession and under his control property, money, credits, and effects of the Presse Company, or the proceeds of the sale thereof, sufficient to pay the plaintiff's claim, and this accords with the facts proven. This disposes of all the material questions in the case.

*By the Court.*— The judgment of the superior court is affirmed.