# CASES DETERMINED

# January Term, 1926.

WATERMAN, Respondent, vs. HANTKE, Sheriff, and another, Appellants.

*February 9—May 11, 1926.*

*Chattel mortgages: Of stock of goods: Filing: Mortgagee assuming possession: Subsequent attachment by general creditor.*

1. Under sec. 2313, Stats. 1923, declaring an unfiled chattel mortgage invalid against any other person than the parties thereto unless the possession of the mortgaged property be delivered to the mortgagee, and sec. 2314, declaring that mortgages filed shall be as binding on all persons as if the property mortgaged "had been, immediately upon the execution of such mortgage," delivered to the mortgagee, it is not essential to the validity of an unfiled mortgage that possession pass to the mortgagee immediately on execution of the mortgage, but only that he obtain possession before the rights of third parties intervene. p. 5.

2. Where the mortgagee of a stock of merchandise excepting a stock of shoes, whose mortgage was not filed, went into possession under an agreement with the mortgagor and the sellers and mortgagees of the stock of shoes to conduct a sale, agreeing to apply the proceeds of the shoes, so far as necessary, to satisfaction of the mortgage thereon, the mortgagees of the stock of shoes, as general creditors, had no right to take possession by attachment of the whole stock, and were liable in damages for so doing. p. 6.

Waterman v. Hantke, 190 Wis. 1.

APPEAL from a judgment of the circuit court for Clark county: E. W. CROSBY, Circuit Judge.  *Affirmed.*

This was an action in replevin to recover the possession of a stock of merchandise which was held under attachment by the defendants, sheriff and deputy sheriff of Clark county, and for damages for the detention of the goods and depreciation thereof while so held.

The case was tried before the circuit court without a jury. The court made its findings of fact and conclusions of law favorable to the plaintiff.

The defendants excepted to each and every finding of fact and conclusion of law so made.   They also filed requests for supplemental findings, which were refused, and thereupon noted their exceptions to such refusal.   Judgment was entered upon the findings in favor of the plaintiff for possession of the goods and for damages in the sum of $1,825.18.

The defendants assign some twenty-one errors, which will be treated in the opinion so far as necessary to a consideration of the case.

For the appellants there were briefs by *Kittell, Jaseph, Young & Everson* of Green Bay, and oral argument by *Lynn D. Jaseph* and *E. L. Everson.*

For the respondent there was a brief by *Ira O. Slocumb* of Menomonie and *Roy P. Wilcox* of Eau Claire, and oral argument by *Mr. Wilcox.*

The following opinion was filed March 9, 1926:

CROWNHART, J.   The briefs and arguments in this case were unnecessarily prolix and involved.   The case does not present very difficult questions of law or fact.   The plaintiff was a merchant residing and doing business at Menomonie.   He purchased a stock of merchandise in Minneapolis, and thereafter sold the same to Edgar F. and Arvid C. Johnson, brothers, who took the goods to Abbotsford,

Wisconsin, and placed them in a leased building with the intention to sell the same at retail. The Johnson brothers gave plaintiff a chattel mortgage in the usual form to secure the purchase price of the goods, in the sum of $12,000, represented by ten notes, dated June 7, 1924,—$2,000 due July 1, 1924; $2,000 due August 1, 1924, and the balance in serial notes of $1,000 due each month thereafter until April 1, 1925. The mortgage expressly provided that the purchasers might sell the goods "at retail in the regular course of business, provided, however, that the gross proceeds of said sales shall be fully and faithfully paid over to said mortgagee and applied to the payment and discharge of said notes; . . . provided, however, that the aforesaid stock is to be kept separate and distinct and not confused with any other stock of merchandise except a certain $5,000 stock of shoes which may be sold with the aforesaid stock, and the proceeds of the sale of said shoes, less necessary operating expenses, shall also be applied to the payment and discharge of said notes and the indebtedness hereby secured." This mortgage was not filed.

May 31, 1924, a contract was entered into between Ristau and Edgar Johnson, Arvid Johnson, and Arthur G. Johnson, brothers, and a third party named Simon, by which Ristau agreed to sell to said Johnson brothers a stock of shoes, etc., located at Oshkosh, in consideration of the conveyance of certain lands by the Johnsons to Ristau and the payment of $1,500 in cash within thirty days. The third party was to have $200 as his commission for making the deal. The parties were to meet and execute the contract in four days. On the 20th of June, Ristau and the Johnson brothers made a supplementary contract whereby Ristau permitted Johnson to remove the stock of shoes, etc., to Abbotsford, on conditions, among others, that Simon was to go to Abbotsford and represent Ristau, and that the stock of shoes was to be sold at retail under his supervi-

sion, and all money received on the sale of the stock was to be applied on the $1,500 indebtedness until such sum was paid.

The stock of shoes was shipped to Abbotsford and put into the same building with the stock of merchandise purchased from the plaintiff. The plaintiff's stock of goods arrived June 21st, and the Ristau goods about the same time or a little later. Thereupon the Johnsons proceeded to open the store and sell the goods from both stocks, Simon being present and representing Ristau. The sales accounts as to both stocks were kept separately. On the evening of July 10th, the plaintiff, Edgar F. Johnson, Ristau, and Simon met in Abbotsford and agreed that the plaintiff should take immediate possession of the merchandise under his chattel mortgage, and arranged that plaintiff should employ a special salesman to put on a sale, Simon to remain and represent Ristau, and all the proceeds of the shoe stock to be credited to Ristau until his $1,500 was paid. The plaintiff immediately took possession of the goods and proceeded to arrange for the special sale. Plaintiff procured a special salesman from Minneapolis, who arrived on July 14th. Simon had remained and represented Ristau in the meantime. On the 15th of July the defendants arrived at Abbotsford with a writ of attachment, procured by Ristau, and seized all the goods in the store, locked it up, and retained possession thereof until the action in replevin was brought by the plaintiff on August 11, 1924. Only the stock of goods sold by plaintiff to Johnson brothers was replevied. The court found that the value thereof at the time of the taking by the defendants was $11,825.18, and that the same was worth only $10,000 when repossessed by the plaintiff. These facts in substance were found by the court in his original opinion and findings of fact and in his supplemental corrected findings. They are fully sustained by the evidence.

The real contest between the plaintiff and the defendants developed over the question of plaintiff's right to possess the goods at the time the attachment was levied. The plaintiff had not filed his chattel mortgage, as provided in sec. 2313 (now sec. 241.08), Stats., but relied upon the voluntary surrender of possession by the Johnsons to him, under the chattel mortgage, of the goods in question.

Sec. 2313 (now sec. 241.08), Stats., provides:

"No mortgage of personal property shall be valid against any other person than the parties thereto unless the possession of the mortgaged property be delivered to and retained by the mortgagee or unless the mortgage or a copy thereof be filed as provided in section 2314. . . ."

Sec. 2314 (now sec. 241.10), Stats., provides:

". . . Mortgages so filed . . . shall be as valid and binding upon all persons as if the property thereby mortgaged had been, immediately upon the execution of such mortgage, delivered to, and the possession thereof retained by, the mortgagee."

It will be seen that sec. 2313 does not make a mortgage void because of failure to file. The mortgage is not valid except as to the parties thereto unless the possession of the mortgaged property be delivered to the mortgagee, or unless the mortgage is filed. The statute does not say "unless the *immediate* possession of the mortgaged property be delivered," but the appellants seek to read that word into the section by implication from sec. 2314, and they cite *Menzies v. Dodd,* 19 Wis. 343. That is not the holding of that case. The true rule in Wisconsin is that the mortgage is not valid except between the parties, unless possession of the mortgaged property be delivered to the mortgagee before credit is given the mortgagor on the strength of his ownership of such mortgaged property. This rule harmonizes with the filing provision quoted. Possession or filing before any injury to third parties subserves the

full legislative purpose. *First Nat. Bank v. Damm,* 63 Wis. 249, 23 N. W. 497.

The defendants obtained no right to dispossess the plaintiff under their writ of attachment. The defendants claim as general creditors. But as between Johnson brothers and the plaintiff, the title to the goods was in the plaintiff. When plaintiff took possession he had both legal title and possession. The general creditors had no interest in the goods unless the plaintiff, by his acts, had estopped himself from withholding possession from the creditors. It has been held that where the mortgagee fails to file his mortgage, and creditors extend credit to the mortgagor on the strength of the property in his possession being owned by him, the mortgagee may be held guilty of constructive fraud and estopped from claiming the property under his mortgage. *Standard P. Co. v. Guenther,* 67 Wis. 101, 30 N. W. 298; *Sanger v. Guenther,* 73 Wis. 354, 41 N. W. 436.

This is not such a case, however. Ristau gave no credit whatever to Johnson brothers on the strength of the stock of goods sold by the plaintiff to the Johnsons. He was in no wise misled and in no wise injured by the failure of the plaintiff to file his chattel mortgage.

There are many assignments of error which are not here treated. The view we take of the case makes them immaterial or not prejudicial.

The record presents a very clear case where litigation was unnecessary. The plaintiff had taken possession of the stock of goods covered by the mortgage, by consent and agreement of Ristau and of the mortgagor. The plaintiff recognized the claim of Ristau against the stock of shoes, to the extent of Ristau's claim against Johnson brothers. The understanding should have been carried out in good faith. Each party then would have had his just dues. No wrong would have been committed against either party. But Ristau, for some reason undisclosed, sought to

secure advantage by writ of attachment on the total stock of goods.

*By the Court.*—The judgment of the circuit court is affirmed.

The following opinion was filed June 1, 1926:

*On motion for rehearing.*

CROWNHART, J.  Counsel for appellants moved the court for a rehearing and filed a brief in support thereof.

Notwithstanding the nature of the appellants' brief on the motion, we have again carefully considered the whole case, to the end that justice be done, with the result that our opinion as filed is fully confirmed.

Counsel, in his brief for rehearing, says:

"If justice is to be administered without regard for established precedent, purely upon the notion of the supreme court or any other court as to the justice or expediency of a particular course of action, then lawyers are obtaining money under false pretenses in attempting to tell their clients what ought best to be done in a given emergency.

"If it be true that in every lawsuit we embark upon a largely uncharted sea, courts ought not to add to the difficulties of navigation by destroying the lighthouses and removing the landmarks."

The brief contains other language of like tenor.  Counsel reminds us that he has had thirty-five years' satisfactory experience before this court, which should have led him to moderation in his statements, in order that the statutory oath of an attorney, to wit, "I will maintain the respect due courts of justice and judicial officers," be a living reality. His long experience offers less excuse than otherwise for intemperate language addressed to the court.  We will not here repeat, but refer to the opinion of the present Chief Justice in *Casper v. Kalt-Zimmers Mfg. Co.* 159 Wis. 517, 531–533, 149 N. W. 754, 150 N. W. 1101, as embracing

the views of this court on the duties of attorneys under the circumstances.

*By the Court.*—Motion for rehearing denied, with $10 costs; and appellants' brief · upon the motion is ordered stricken from the files.