### In re WISCONSIN REFINING CORPORATION.

### HEIL CO. v. KELLEY.

### No. 4820.

Circuit Court of Appeals, Seventh Circuit.
Feb. 13, 1933.

L. L. Rieselbach and Nathan M. Stein, both of Milwaukee, Wis., for appellant.

Harry F. Kelley, of Manitowoc, Wis., for appellee.

Before EVANS and SPARKS, Circuit Judges, and WILKERSON, District Judge.

SPARKS, Circuit Judge.

The questions presented by this appeal are: (1) Did the execution and recording of the mortgage in controversy constitute an act of bankruptcy on the part of the debtor; and (2), if so, was that act of bankruptcy committed under such circumstances that the property thereby transferred will be considered as part of the assets of bankrupt's estate and pass to the trustee for the benefit of bankrupt's general creditors?

"Acts of bankruptcy by a person shall consist of his having * *· * (2) transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors * * *." 11 USCA § 21 (a).

"A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition * * * made a transfer of any of his property, and the effect of the enforcement of such * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required." 11 USCA § 96 (a).

It will be observed that the mortgage was executed more than four months prior to filing the petition in bankruptcy, and it was recorded with the register of deeds within that period. These facts necessitate a consideration of the applicable Wisconsin statutes and decisions, as the transaction transpired in that state. In re Baumgartner (C. C. A.) 55 F.(2d) 1041.

The Wisconsin statutes pertinent to the questions under consideration are as follows:

Sec. 241.08. "No mortgage of personal property shall be valid against any other person than the parties thereto unless the possession of the mortgaged property be delivered to and retained by the mortgagee or unless the mortgage or a copy thereof be filed as provided in section 241.10 * * *."

Sec. 241.10. "(1) Every mortgage of personal property shall be filed with the register of deeds of the county in which such personal property is situated. * * * (3) Mortgages so filed shall be as valid and binding upon all persons as if the property thereby mortgaged had been, immediately upon the execution of such mortgage, delivered to, and the possession thereof retained by, the mortgagees * * *."

It was necessary, therefore, under the Wisconsin statutes, that a delivery of the mortgaged property be made to appellant or that the mortgage be recorded before the mortgage could have any validity whatever as against any one except the mortgagor and mortgagee. There was no delivery of property, and the mortgage was not recorded until September 12, 1930, and hence prior to that date the mortgage was void as to all creditors of bankrupt except appellant. Graham v. Perry, 200 Wis. 211, 228 N. W. 135, 68 A. L. R. 267. It is obvious that the mortgage constituted a transfer of bankrupt's property, and its enforcement would unquestionably enable appellant to obtain a greater percentage of its debt than any other of the general creditors. These facts bring the transaction squarely within 11 USCA § 96 (a) as constituting a preference.

The fact that appellant was given a preference as to its debt, however, does not alone warrant the assumption that the property thereby conveyed still belongs to the estate for the benefit of the other creditors, or that the trustee has a right to maintain the action. Those matters are to be determined by the following sections of the Bankruptcy Act:

"If a bankrupt shall have * * * made a transfer of any of his property, and if, at the time of the transfer * * * or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy * * * the bankrupt be insolvent and the * * * transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such * * * transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person." 11 USCA § 96 (b).

"All conveyances, transfers, assignments, or incumbrances of his [bankrupt's] property or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this title within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good

faith and for a present fair consideration; and all property of the debtor * * * transferred * * * as aforesaid shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee * * *." 11 USCA § 107 (e).

"* * * (2) * * * And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied * * *." 11 USCA § 75 (a) (2).

Under the statutes just referred to, it will be observed that the transfer complained of cannot stand as against bankrupt's other creditors if at the time of the recording of the mortgage appellant had reasonable cause to believe that its enforcement would effect a preference in appellant's favor, or if at the time of its execution and delivery bankrupt intended thereby to hinder, delay, or defraud its other creditors, and appellant was not a purchaser of the property in good faith and for a present fair consideration.

It is admitted that the consideration was a past-due debt, and it must be presumed that bankrupt intended the natural consequence of its acts, which was to hinder, delay, and defraud its other creditors. As the mortgage was void in law as against all others than the parties thereto, no fraudulent intent need be shown. Ryan Drug Co. v. Hvambsahl, 89 Wis. 61, 61 N. W. 299.

From a consideration of the evidence, we are convinced that appellant, at the time of the recording of the mortgage and also at the time of its execution, had reasonable cause to believe that its enforcement would effect a preference in its favor. Bankrupt was insolvent for at least five months prior to the filing of the bankruptcy petition, and there is substantial evidence present from which the trial court was reasonably warranted in concluding that appellant was cognizant of that fact. Indeed, within a short time prior to the execution of the mortgage appellant had threatened to institute bankruptcy proceedings against bankrupt, which in turn informed appellant that such act would avail it nothing.

Appellant, in having procured the mortgage on all the property of bankrupt as security for past-due indebtedness, at a time when it knew bankrupt was insolvent, and when bankrupt must have known that its enforcement would effect a preference in appellant's favor to the exclusion of the other creditors, did that thing which the Bankruptcy Act prohibits, and to that extent appellant was guilty of fraud, and by reason thereof, under the plain words of the statute, the property thus attempted to be conveyed remains as assets of the bankrupt estate and passes to the trustee, who is vested with all the rights, remedies, and powers of a creditor holding a lien and of a judgment creditor holding an execution duly returned unsatisfied.

Appellant contends, however, that the vesting of such title and power as referred to in the statutes quoted does not apply for the benefit of general creditors, but applies only to those creditors who hold liens, or judgments upon which unsatisfied executions have been returned. The cases upon which appellant relies to support this proposition are applicable only where fraud is not proven.

It is further contended by appellant that neither the referee nor the court found that fraud existed. It is true that the findings of the referee do not specifically state that either appellant or bankrupt was guilty of fraud in relation to the transfer; but he held that the mortgage did not create a valid lien as against general creditors, and that the property therein described belonged to the estate free and clear of the mortgage, and ordered the trustee to sell it. That order, with a transcript of the evidence, was certified to the court, and it affirmed the order of the referee without further findings. The evidence is ample to support a charge of fraud if it had been specifically found, and it will be considered as being included in the general finding and order that the transfer is invalid, for fraud is the thing that makes it invalid. We think this position is fully warranted from the fact that appellant's objection to the form and substance of the finding and the order was not raised before either the trial court or the referee, but was raised for the first time by its brief filed in this court.

Appellant further contends that the filing of the mortgage on September 12, 1930, rendered it valid as of the date of its execution on August 27, 1930. In support of this contention, it relies upon Waterman v. Hantke, 190 Wis. 1, 207 N. W. 946, 208 N. W. 992,

Mackey v. Cole, 79 Wis. 426, 48 N. W. 520, 24 Am. St. Rep. 728, and First National Bank v. Damm, 63 Wis. 249, 23 N. W. 497, 499. A perusal of those cases convinces us that they do not sustain its contention. In the last case cited the court said: "The filing of the chattel mortgage in the proper office by the appellants some months after such possession must be treated the same as though their chattel mortgage had been executed to them at that time; for the prior filing was nugatory, and without filing it was invalid as against the plaintiff." See, also, First National Bank of Buchanan County v. Connett (C. C. A.) 142 F. 33, 5 L. R. A. (N. S.) 148; Mattley v. Giesler (C. C. A.) 187 F. 970; (In re Caslon Press) Western Type Foundry v. Central Trust Co. of Illinois (C. C. A.) 229 F. 133.

Order affirmed.