## MARTIN, TRUSTEE IN BANKRUPTCY OF VIR-GIN, v. COMMERCIAL NATIONAL BANK OF MACON, GEORGIA.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 100. Argued December 19, 20, 1917.—Decided January 14, 1918.

When the state law recognizes unrecorded chattel mortgages as valid between the parties, and merely postpones them to liens created and purchases made while they remain unrecorded (Georgia Code of 1910, § 3260,) delay of recordation until within four months before the initiation of bankruptcy proceedings against the mortgagor does not enable the trustee to assail such a mortgage as a preference, as of the date of its recordation, under § 60b of the Bankruptcy Act, as amended June 25, 1910, c. 412, 36 Stat. 838, 842, if he represents no lien on the property other than his lien under § 47a, arising subsequently.

Recordation is to be deemed "required" in the sense of the amendment when, through delay of it, a position superior to the challenged transfer has been gained, during the specified period, by some creditor whom the trustee represents or whose place he is entitled to take.

The mortgage in this case was given before the four months' period began, as security for money presently loaned in good faith, and was recorded the day before the petition was filed, when the mortgagee knew of the mortgagor's insolvency. Recordation was not fraudulently delayed and prior thereto no other liens were fixed upon the property.

228 Fed. Rep. 651, affirmed.

THE case is stated in the opinion.

*Mr. R. Douglas Feagin* and *Mr. Rudolph S. Wimberly,* with whom *Mr. Oliver C. Hancock* was on the brief, for petitioner, distinguished *Keeble* v. *John Deere Plow Co.,* 190 Fed. Rep. 1019; *In re Jacobson & Perrill,* 200 Fed. Rep. 812; and *Anderson* v. *Chenault,* 208 Fed. Rep. 400; and relied on *Carey* v. *Donohue,* 240 U. S. 430; *Covington* v.

*Brigman,* 32 A. B. Rep. 35; *Pacific State Bank* v. *Coats,* 205 Fed. Rep. 619; *Potter Mfg. Co.* v. *Arthur,* 220 Fed. Rep. 843; *Massachusetts Bonding Co.* v. *Kemper,* 220 Fed. Rep. 847; and *Millikin* v. *Second National Bank of Baltimore,* 206 Fed. Rep. 14. Section 60b, as amended, gives the trustee the right to show that the lien of the mortgage is invalid as to his junior lien under § 47a, because the older lien operates as a preference obtained when the bankrupt was insolvent and when the creditor had reasonable cause to believe that he was insolvent.

Under the Bankruptcy Act as it now stands, the transfer is to be deemed as made at the time of recording, where that is delayed, rather than at the time of execution; and at the time of recording the mortgage in this case the bank was a creditor. Distinguishing *Dean* v. *Davis,* 242 U. S. 438, and other cases, and citing *In re Bunch Commission Co.,* 225 Fed. Rep. 243–249; *Dulany* v. *Morse,* 39 App. D. C. 523; *Davis* v. *Hanover Savings Fund Society,* 210 Fed. Rep. 768; Remington on Bankruptcy, vol. 3, p. 406. The purpose of the amendment is very clearly pointed out by the Senate and House committees upon whose recommendation it was adopted. Senate Report No. 691, 61st Cong., 2nd sess.

*Mr. Orville A. Park,* with whom *Mr. George S. Jones* was on the brief, for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

As security for money presently loaned to him in good faith by the Commercial National Bank, one Virgin executed and delivered a mortgage upon his stock of merchandise at Macon, Georgia, February 16, 1914. It was recorded August 20, 1914, when the bank knew of his insolvency. The next day involuntary bankruptcy pro-

ceedings were instituted and in due time he was adjudged bankrupt and a trustee appointed. Recordation of the mortgage was not fraudulently delayed and prior thereto no other liens were fixed upon the property. Both trustee and other creditors objected to the bank's claim as one entitled to priority "on the ground that the mortgage was recorded within the four months period preceding bankruptcy, at a time when the mortgagor was insolvent, and when the mortgagee knew that he was insolvent, and that the recording of the mortgage would effect a preference, and that the transfer arising from the recording of the instrument was non-operative, and that the instrument must be held as not recorded." Their contention here is thus stated: "The Trustee does not say in this case that his lien is older than the bank's and therefore he comes ahead of the bank, but he says that the bank's lien is invalid and inoperative, because recorded while the bankrupt was insolvent, etc., and that being a subsequent lien holder the Trustee is in the proper position to attack the bank's lien. The bank's lien is invalid only by the positive inhibition of the statute, Section 60b. It is for this reason invalid just as a transfer made (instead of recorded) within this four months' period is invalid by reason of the inhibition of the Bankruptcy law." "The record of an instrument is required as to any particular person if the instrument must be recorded to be good against him. If the subsequent lienor is entitled to priority unless the antecedent mortgage is recorded, such mortgage is required to be recorded as to him. The Trustee is a subsequent lienor. Unless the mortgage is recorded he, the Trustee, is entitled to priority. It is therefore 'required' to be recorded as to him."

The referee allowed the claim as preferred and the Circuit Court of Appeals approved his action. 228 Fed. Rep. 651.

It is provided by § 60b, Bankruptcy Act, as amended June 25, 1910, c. 412, 36 Stat. 838, 842:

"If a bankrupt shall . . . have made a transfer of any of his property, and if, at the time of the transfer, . . . or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."

Section 47a of the Bankruptcy Act provides:

"Trustees shall respectively . . . ; (2) collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estates as expeditiously as is compatible with the best interests of the parties in interest; and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied; . . ."

Section 3260, Georgia Code of 1910, declares that "mortgages not recorded within the time required remain valid as against the mortgagor, but are postponed to all other liens created or obtained, or purchases made prior to the actual record of the mortgage. If, however,

the younger lien is created by contract, and the party receiving it has notice of the prior unrecorded mortgage, or the purchaser has the like notice, then the lien of the older mortgage shall be held good against them." Construing this section, in *Hawes* v. *Glover*, 126 Georgia, 305, 317, the Supreme Court held: "A mortgage is perfectly valid as between the parties thereto, though never recorded. *Hardaway* v. *Semmes*, 24 Ga. 305; *Gardiner* v. *Moore*, 51 Ga. 268; *Myers* v. *Picquet*, 61 Ga. 260; Civil Code, § 2727 [Park's Ann. Code, § 3260]. If it is not recorded, or, as in this case, is illegally recorded, the only effect is to postpone it to purchases made, or liens procured by contract, without notice of its existence, or to liens obtained by operation of law."

Section 60b, Bankruptcy Act, has been specially considered by us in two recent cases—*Bailey* v. *Baker Ice Machine Co.*, 239 U. S. 268, and *Carey* v. *Donohue*, 240 U. S. 430. In the first the company installed an ice machine for Grant Brothers at Horton, Kansas, during February, under a conditional sale contract of earlier date and recorded May 15th following when the purchasers were known to be insolvent; July 11th they became bankrupt. Such a contract is valid under the laws of Kansas as between the parties whether recorded or not, but void as against a creditor of the vendee who fastens a lien upon the property by execution, attachment or like process prior to recording. The vendors demanded the machine. The trustee maintained § 47a, Bankruptcy Act, gave him the status of a lien holder prior to recordation and that the contract having been put to record within four months operated as a preference voidable under § 60b. We held the trustee occupied the status of a creditor with a lien fixed as of the date when the bankruptcy proceedings commenced and that he could not assail the contract under the state law. Further, that § 60b refers to an act whereby the bankrupt sur-

renders or encumbers his property for the benefit of a particular creditor thereby diminishing the estate which should be applied to all; the contract in question did not operate as a preferential transfer; the property was not the bankrupts' but the vendor's; the former were not to become owners until the condition was performed; and there was no diminution of the estate.

In *Carey* v. *Donohue* the trustee sought to set aside a real estate transfer executed more than four months before bankruptcy but recorded within that time. Under the Ohio statute conveyances of land until filed for record are deemed fraudulent as to subsequent *bona fide* purchasers without knowledge, but recording is not essential to their validity as against any creditor, whether general creditor, lien creditor, or judgment creditor with execution returned unsatisfied, that is, as against any class of persons represented by a trustee in bankruptcy or with whose rights, remedies and powers he is deemed to be vested. We denied the trustee's contention and, among other things, declared: "Required" has regard to persons in whose favor the requirement is imposed. "Congress did not undertake in § 60 to hit all preferential transfers (otherwise valid) merely because they were not disclosed, either by record or possession, more than four months before the bankruptcy proceeding." "It is plain that the words are not limited to cases where recording is required for the purpose of giving validity to the transaction as between the parties. For that purpose, no amendment of the original act was needed, as in such a case there could be no giving of a preference without recording." "In dealing with a transfer, as defined, which though valid as between the parties was one which was 'required' to be recorded, the reference was necessarily to a requirement in the interest of others who were in the contemplation of Congress in enacting the provision." "The intended meaning was to embrace

those cases in which recording was necessary in order to make the transfer valid as against those concerned in the distribution of the insolvent estate; that is, as against creditors, including those whose position the trustee was entitled to take."

The word "required" in § 60b refers directly to statutes in many States relating to recording which through various forms of expression seek to protect creditors by providing that their rights shall be superior to transfers while off the record. Recognizing the beneficial results of these enactments and intending that rights based thereon might be utilized for the advantage of bankrupt estates, Congress inserted (amendment of 1910) the clause "or of the recording or registering of the transfer if by law recording or registering thereof is required." In *Carey* v. *Donohue* we pointed out that purchasers are not of those in whose favor registration is "required," but that the reference is to persons concerned in the distribution of the estate, i. e., "creditors, including those whose position the trustee was entitled to take." And we think it properly follows that before a trustee may avoid a transfer because of the provision in question he must in fact represent or be entitled to take the place of some creditor whose claim actually stood in a superior position to the challenged transfer while unrecorded and within the specified period.

The Georgia statute imposes the requirement of registration only in favor of a creditor who fixes a lien on the property before recording takes place. Here there is no such person—the trustee occupies the status of one who acquired a lien after that event. No one concerned in the distribution of the estate actually held rights superior to the mortgage while off the record.

The judgment of the court below is correct and must be

*Affirmed.*