## FINANCE AND GUARANTY COMPANY *v.* OPPENHIMER, TRUSTEE.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
FOURTH CIRCUIT.

No. 170.   Argued January 13, 1928.—Decided January 23, 1928.

1. Section 5224 of the Code of Virginia providing that all property used in his business by a person trading in his own name shall, as to his creditors, be liable for his debts, means lien creditors. P. 11.

2. Where property sold on condition reserving title in the vendor is retaken by him in accordance with the state law within four months preceding the filing of a petition in bankruptcy against the vendee, the vendee's trustee in bankruptcy acquires no lien upon it, and the retaking cannot be set aside as an unlawful preference under the Bankruptcy Act. P. 12.

5 F. (2d) 486; 15 F. (2d) 1011, reversed.

CERTIORARI, 273 U. S. 689, to a judgment of the Circuit
Court of Appeals, sustaining a judgment for the respond-
ent, as trustee in bankruptcy, in his action to recover from
petitioner the value of automobiles which petitioner had
retaken from the bankrupt before the filing of the peti-
tion in bankruptcy, pursuant to his right under a condi-
tional sale.

*Mr. S. M. Brandt* for petitioner.

*Mr. Joseph M. Hurt, Jr.,* with whom *Mr. J. Vaughan
Gary* was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the
Court.

This is a suit brought by the respondent, trustee in
bankruptcy for W. A. Lee, to recover the value of four
automobiles seized by the defendant, the petitioner, in
circumstances alleged to have made the taking a prefer-
ence if maintained.  The defendant sold the automobiles
to the bankrupt by a duly recorded contract of condi-
tional sale.  On January 10, 1921, it repossessed itself of
the cars by a suit in detinue.  Ten days later, on January
20, the petition in bankruptcy was filed against Lee, and
on February 25, he was adjudicated a bankrupt.  About
a year later the trustee brought this suit relying upon the
Traders' Act, § 5224 of the Code of Virginia, by which, it
may be assumed, all the property used by Lee in his busi-
ness, including these cars, "shall as to the creditors of
any such person, be liable for the debts of such person."
The trustee prevailed in the Circuit Court of Appeals.
Opinion, 5 F. (2d) 486.  Formal conclusion, 15 F. (2d)
1011.  A writ of certiorari was granted by this Court.
273 U. S. 689.

We are of opinion that the decision was wrong for the
reason given by the dissenting judge below.  The Su-

preme Court of Appeals of Virginia has construed the Traders' Act and has established that "the creditors" in § 5224 means creditors having a lien. *Capital Motor Corporation* v. *Lasker,* 138 Va. 630. The lien of the trustee in bankruptcy did not arise until after the property in question had come back to the hands of the petitioner, which had reserved title to itself. *Bailey* v. *Baker Ice Machine Co.,* 239 U. S. 268, 270. *Martin* v. *Commercial National Bank,* 245 U. S. 513, 517, Bankruptcy Act, § 47 (a) (2) as amended. U. S. C., Title 11, § 75. Therefore the retaking of the property was valid as against the trustee. It could not work a preference unless he represented a claim that was paramount when the property was seized. At that time the petitioner did what it had a right to do as against the bankrupt and simply took what was its own. It did no wrong to any creditor, for no creditor not having a judgment or other lien could have complained so far as the law of Virginia went. See *Firestone Tire & Rubber Co.* v. *Cross,* 17 F. (2d) 417, 421, 422. The majority in the Circuit Court of Appeals took the distinction between a trustee under a conventional deed of trust for the benefit of creditors and a trustee in bankruptcy, that the former has no power to vacate preferences. But, as we have implied, a party holding security does not create a preference by taking possession under it within four months if he lawfully may under the law of the State. *Thompson* v. *Fairbanks,* 196 U. S. 516. *Humphrey* v. *Tatman,* 198 U. S. 91.

We understand it to be admitted that the plaintiff is entitled to judgment for seven hundred dollars for property not covered by the petitioner's title, that amount having been allowed by the District Court, although it held as we do that the seizure was lawful. We follow the judgment in that respect. With this understanding the judgment of the Circuit Court of Appeals is reversed.

*Judgment reversed.*