### HOUCK v. GENERAL MOTORS ACCEPTANCE CORPORATION.

No. 6301.

District Court, W. D. Pennsylvania.

Oct. 9, 1930.

Kountz & Fry, of Pittsburgh, Pa., for plaintiff.

Arthur B. Van Buskirk and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., and John Thomas Smith, of New York City, for defendant.

GIBSON, District Judge.

The bankrupt was engaged as a dealer in automobiles in Allegheny county, this district. In 1929, it ordered seven automobiles from the Buick Motor Company of Flint, Mich. Pursuant to the order the Buick Motor Company shipped the automobiles by a common carrier to Pittsburgh, Pa., and forwarded a bill of lading therefor, with sight draft attached for 10 per cent. of the invoice price, to a bank in this county. At or about the same time the manufacturer, the Buick Motor Company, executed and delivered to the General Motors Acceptance Corporation, the defendant, a bill of sale for the automobiles. The sales company, the bankrupt, then went to the bank and paid the sight draft for the 10 per cent. of the invoice price, signed a promissory note to the order of the General Motors Acceptance Corporation for the remaining 90 per cent. of the invoice price, and executed a certain trust receipt which it delivered to the bank as agent for the General Motors Acceptance Corporation. The trust receipt was in the following form:

"Trust Receipt.

"Received of General Motors Acceptance Corporation the Motor Vehicles described above.

"I (we) hereby acknowledge that said Motor Vehicles are the property of said General Motors Acceptance Corporation and agree to take and hold the same, at my (our) sole risk as to all loss or injury, for the purpose of storing said property; and I (we) hereby agree to keep said Motor Vehicles brand new and not to operate them for demonstrating or otherwise, except as may be necessary to drive said Motor Vehicles from freight depot or from above city to my (our) place of business with all due care at my (our) risk en route against all loss and damage to said Motor Vehicles, Persons or Property, and except as I (we) may be allowed by you in a special case to use the same for demonstrating upon our compliance with the conditions expressed in your instructions to us, and to return said Motor Vehicles to said General Motors Acceptance Corporation or its order upon demand; and pay and discharge all taxes, encumbrances and claims relative thereto. I (we) hereby agree not to sell, loan, deliver, pledge, mortgage, or otherwise dispose of said motor vehicles to any other person until after payment of amounts shown on Dealer's Record of Purchase and Release of like identification number herewith. I further agree that the deposit made by me (us), in connection with this transaction, may be applied for reimbursement for any expense incurred by General Motors Acceptance Corporation, in the event of breach of this Trust or repossession of said Motor Vehicles.

"It is further agreed that no one has authority to vary the terms of this Trust Receipt.

"Executed this ———— day of ————, 19- at ————

"Witness ————   ————
                              (Dealer)
"By ————
"(Official Title of Company)."

After payment of the sight draft, execution of the note, and delivery of the trust receipt, the bank delivered to the bankrupt the bill of lading covering the automobiles, which later were obtained by the bankrupt and taken to its salesroom. The promissory note and trust receipt were delivered by the bank to the General Motors Acceptance Corporation, which continued to hold the bill of sale for the cars. The cash representing 10 per cent. of the invoice price was paid upon the order of the defendant. On November 28, 1929, the defendant, General Motors Acceptance Corporation, took possession of four of the automobiles in question, and on January 28, 1930, took the other three cars. On February 8, 1930, the sales company filed its voluntary petition in bankruptcy as No. 15403 in bankruptcy of this court and has been adjudicated a bankrupt.

The instant suit has been brought by the trustee of the bankrupt to recover from the General Motors Acceptance Corporation the value of the seven automobiles. The plaintiff's statement asserts that the withdrawal of the automobiles from the bankrupt's possession constituted a voidable preference under the Bankruptcy Act, and that the trust receipt given by the bankrupt was invalid and did not secure title in the defendant as against the trustee. The defendant has filed a statutory demurrer to the statement of claim.

■ Irrespective of the interpretation and effect of the trust receipt in the instant case, it seems quite plain to us that the repossession of the automobiles by the defendant did not constitute a preference under section 60 of the Bankruptcy Act (11 USCA § 96). Plaintiff bases his claim to recover the value of the automobiles upon the ground of preference upon section 47a(2) of the Bankruptcy Act, 11 USCA § 75(a)(2), which in part provides: "Trustees shall respectively * * * as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

■ The trustee, plaintiff, contends that said section 47 empowers him, as standing in the shoes of an execution creditor, to maintain an action for the removal of goods within the four-month period. He cites Bank of North America v. Penn Motor Co., 235 Pa. 194, 83 A. 622, in support of his position. In that case the Supreme Court of Pennsylvania was dealing with a conditional sale agreement which had been recorded within the four-month period, and under which the vendor had undertaken to exercise its right of repossession shortly prior to the petition in bankruptcy. The court held that the trustee was given the power by section 47 to assert every right which a judgment creditor could have asserted during the four months immediately preceding the filing of the petition in bankruptcy. We are of opinion that we are precluded from accepting that interpretation of the section by the decision of the

412

United States Supreme Court in Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275. The contract of the instant case being made in Pennsylvania, we are required to accept the statutes and decisions of authoritative courts of this state in determining the status of the agreement either as a bailment or conditional sale; but our duty does not require us to follow a Pennsylvania court construction of a federal statute when that statute has been otherwise construed by the United States Supreme Court. The last-named court, in Bailey v. Baker Ice Machine Co., supra, specifically held that the trustee takes the status of a creditor holding a lien by legal or equitable process at the time when the petition in bankruptcy was filed, and not anterior thereto. In the last-mentioned case the Supreme Court was considering a conditional sale contract wherein the vendor reserved ownership pending the performance of the condition. It held that the rights of the trustee were no higher than those of the bankrupt, and that the resumption of possession on the part of the vendor was justified as between it and the bankrupt. In the instant case, whether the trust receipt be held to be a bailment, or a conditional sale requiring recordation, it seems plain that the defendant, as between it and the bankrupt, had the legal right under Pennsylvania law to take possession of the automobiles upon failure of the latter to comply with the terms of the agreement. Similar in point of decision to Bailey v. Baker Ice Machine Co. are Martin v. Commercial National Bank, 245 U. S. 513, 38 S. Ct. 176, 62 L. Ed. 441; Finance & Guaranty Co. v. Oppenhimer, 276 U. S. 10, 48 S. Ct. 209, 72 L. Ed. 443.

Our conclusion in this respect is not that reached by the trustee, who contends that the attempted reservation of title in the trust receipt is invalid and ineffective. He points to the fact that the bankrupt gave his notes for the amount of the value of the automobiles, as well as the trust receipt, and urges that such a requirement is inconsistent with retention of title in the defendant. The delivery of notes for deferred installments of the purchase price has been held not inconsistent with retention of title. See Bierce v. Hutchins, 205 U. S. 340, 27 S. Ct. 524, 51 L. Ed. 828; Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275. In support of his contention that the trust receipt is invalid as a reservation of title, the trustee has cited, inter alia, Root v. Acceptance Corp., 279 Pa. 55, 123 A. 650; Sterling Commercial Co. v. Smith, 291 Pa.

237, 139 A. 847, and Commonwealth v. Williams, 93 Pa. Super. Ct. 92. The facts in the first two cases cited are materially different from those of the instant case. In the latter, the bankrupt derived his possession from the defendant. In Root v. Acceptance Corp., the cars were in the possession of the dealer, who borrowed money from the acceptance company and gave therefor bills of sale and storage receipts for the cars, and took back a bailment lease for them. The dealer had title and possession from a third party, and gave the bill of sale without any change of possession. Very similar are the facts of Sterling Commercial Co. v. Smith. In that case the cars had been consigned directly to him. To take up a sight draft for the price of the cars the dealer borrowed the amount from the commercial company and executed a bill of sale to it and took back a bailment lease. The dealer later became a bankrupt and the commercial company instituted replevin proceedings to recover the cars. It was unsuccessful, as the original possession in the dealer had not been changed. In the instant case, it will be remembered, the dealer obtained possession from the defendant, who reserved title. The third case mentioned as cited by plaintiff, Commonwealth v. Williams, was decided by a divided court. The defendant, a dealer, had obtained automobiles in exactly the same manner as had the bankrupt in the instant case and had given substantially the same trust receipt for them. He sold an automobile to an innocent third person for value and converted the proceeds to his own use. Having been indicted for larceny by bailee under the Pennsylvania statute, the matter came before the superior court, a majority of whose members held that the defendant was not a bailee in the statutory sense. The opinion of the court expressly stated that the court was not concerned with the civil rights or remedies of the prosecutor against the defendant, but solely with the question whether a crime had been committed against the commonwealth. The case cannot be accepted as Pennsylvania law determining that the defendant had no right to take possession of the automobiles under the trust receipt in event of failure of the dealer to comply with its terms.

As opposed to the cases cited by the trustee, Brown Bros. v. Billington, 163 Pa. 76, 29 A. 904, 43 Am. St. Rep. 780, may be mentioned. The court had under consideration a trust receipt similar to that of the instant case. While holding the bicycles, subjects of the receipt, certain creditors of the dealer is-

sued executions. Upon sheriff's interpleader the Supreme Court sustained the title of the bank (which stands in same position as defendant in the instant case). This, it will be remembered, was while the goods were in the possession of the dealer, and not after possession had been resumed by the bankers.

Similar trust receipts have been held valid as reservations of title in the Circuit Court of Appeals for this Circuit. See Century Throwing Co. v. Muller, 197 F. 252; Roth v. Smith, 215 F. 82.

The same trust receipt as that before us was before the courts of the Northern District of New York (In re James, 30 F.(2d) 551) and the Court of Appeals for the Second Circuit in Re James, Inc., 30 F.(2d) 555. The only material variation from the instant case in point of fact is that the automobiles were in the possession of the trustee in bankruptcy and their possession was sought by the General Motors Acceptance Corporation by means of reclamation proceedings. The District Court held the trust receipts were conditional sales and void because not filed. This judgment was reversed by the Circuit Court of Appeals.

Judgment will be entered in favor of the defendant upon its statutory demurrer.