### GOLDSTEIN v. RUSCH et al.
### No. 210.

Circuit Court of Appeals, Second Circuit.
Feb. 15, 1932.

Jacobs & Blumenstiel, of New York City (Albert Blumenstiel, of New York City, of counsel), for appellants.

Benjamin I. Sperling, of New York City, for appellee.

Bondy & Schloss, of New York City (Eugene L. Bondy, of New York City, of counsel), for H. M. Jubshman & Bro., amicus curiæ.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The appellee below succeeded in setting aside, as preferential under section 60b of the Bankruptcy Act (11 USCA § 96), a transfer of merchandise by the bankrupt to the appellants which was made just a day previous to the filing of a petition in bankruptcy against one Morris B. Horowitz of New York City. Under a written contract made September 20, 1928, the bankrupt assigned his accounts receivable as collateral security for advances made to him of 80 per cent. of the net amount of his approved sales. The contract provided: "Merchandise refused or returned by customers is hereby transferred to Rusch as security for monies owing to Rusch to whom is hereby given a lien on said merchandise with right to sell at public or private sale and at their discre-

tion, and if any of such merchandise comes into the possession of Horowitz he shall receive same only as trustee for, and agrees to turn same over forthwith to, Rusch and/or to secure the monies owing to the satisfaction of Rusch."

Horowitz, the bankrupt, testified that it was his practice, on receiving the returns of merchandise from the assigned accounts, to segregate the same on separate racks and to notify the appellants thereof, and to pay them for such returned merchandise by assigning new accounts to them in place thereof, and that he recognized, until he had thus repurchased the merchandise, that it belonged to the appellants. The day before the bankruptcy, Horowitz notified the appellants that he had in his store a quantity of merchandise which had previously been returned to him by customers whose accounts had been assigned to the appellants under the contract and of which returns he had not previously notified them. He said the merchandise had been set apart from his regular stock. At the time he was indebted to the appellants for $18,906. Upon receiving notice of the returned merchandise, the appellants immediately demanded possession of the goods under the provisions of their contract, and sent a representative to the bankrupt's store, checked up the returned goods, and removed them from his premises to their own and sold them, realizing $1,720. The court below found that the merchandise thus obtained consisted solely of goods returned to the bankrupt by customers whose accounts had been assigned to them. Therefore these were goods upon which a lien was given with right to possession under the provisions of the contract above quoted. There is a finding below that the bankrupt was not given unrestricted dominion over the returned merchandise, and the appellant's lien thereon was therefore not rendered void. Lee v. State Bank & Trust Co., 38 F.(2d) 45 (C. C. A. 2).

The claim of the appellee is that, since actual possession of the merchandise was taken by the appellants just prior to the filing of the petition in bankruptcy, their lien thereon was void as against the trustee because of failure to file the contract under section 230 of the New York Lien Law (Consol. Laws N. Y. c. 33), and that thereby a preferential transfer was created. But the contract here creates a pledge of the returned merchandise and was not a chattel mortgage. Section 230 of the Lien Law applies to chat-

tel mortgages and not to pledges. A pledge differs from a chattel mortgage in that a pledge does not convey legal title to the property but grants a lien thereon to the pledgee as security, and permits him to sell the property to satisfy his lien, while a chattel mortgage is a conveyance which transfers the title and property to the lender. It gives him an absolute title if there be a default. Sexton v. Kessler, 225 U. S. 90, 32 S. Ct. 657, 56 L. Ed. 995; In re Glover Specialties ·Co. (D. C.) 18 F.(2d) 314; Parshall v. Eggert, 54 N. Y. 18; Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11; Zartman v. First Natl. Bank, 189 N. Y. 267, 82 N. E. 127, 12 L. R. A. (N. S.) 1083. We held in Re Bernard & Katz, 38 F.(2d) 40, that an agreement as to returned merchandise requires filing under the New York Lien Law in order to be valid as against the trustee in bankruptcy with respect to merchandise returned but in the possession of the bankrupt at the time of bankruptcy, holding that the rights of the trustee in bankruptcy are superior to those of the lender with respect to such merchandise in the bankrupt's possession at the time of the bankruptcy. But the contract in the instant case gives a lien to the appellants and the right of possession and sale of the returned merchandise as security for moneys owing to them. That constituted a pledge of the returned merchandise. It is the law of pledges that applies, not the law of chattel mortgages. In New York state, where the contract was made, a pledge ineffective for want of delivery may be validated by the act of the pledgee in taking actual possession of the property. The seizure will be deemed to relate back to the date of the instrument creating the pledge, and the pledgee's right to the property under such circumstances is sustainable as against the trustee in bankruptcy or a creditor. Sexton v. Kessler, 225 U. S. 90, 32 S. Ct. 657, 56 L. Ed. 995; Johnson v. Burke, 48 F.(2d) 1031 (C. C. A. 7); Burrowes v. Nimocks, 35 F. (2d) 152 (C. C. A. 4); In re Glover Specialties Co., supra. The law of the state of New York was thus definitely settled in Parshall v. Eggert, supra, and later followed in National Bank v. Rogers, 166 N. Y. 380, 59 N. E. 922. It was expressly so found and recognized in Sexton v. Kessler, supra. The exercise of a pre-existing right to delivery and possession, if well founded in equity, is not a preference, although the delivery occurs within the four-month period. A pledge is not good without delivery, but the delivery need not be contemporaneous with the con-

tract of pledge. Burrowes v. Nimocks, supra. If made subsequently, it relates back to the contract which gives it validity. Burrowes v. Nimocks, supra; Garrison v. Vermont Mills, 154 N. C. 1, 69 S. E. 743, 31 L. R. A. (N. S.) 450. Where a pledge of property is invalid for want of delivery at its inception, and, if in accordance with a prior agreement, the property is surrendered to the pledgee within four months of bankruptcy, even at a time when the pledgor was insolvent, such time of possession is deemed to relate back to the time of the original agreement, and no voidable preference is created except as to intervening claimants who had in the meantime perfected liens on the property. In re Automobile Service Co. (D. C.) 176 F. 792.

The merchandise here in question was taken into possession by the appellants prior to bankruptcy, excepting as to 25 or 30 items referred to, which were taken after bankruptcy. Those items taken prior to bankruptcy and pursuant to the agreement were so taken with the intent of carrying out the contract of pledge between the parties, and the trustee therefore has no right to levy on the goods, nor can he successfully attack the lien of the appellants. Finance Co. v. Oppenhimer, 276 U. S. 10, 48 S. Ct. 209, 72 L. Ed. 443; Bailey v. Baker Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275. Here the lien was perfected, and the pledge validated by delivery of the merchandise the day previous to bankruptcy. All such merchandise then received is held subject to the lien of the pledge.

There was no claim at the time the contract of pledge was entered into that the bankrupt was insolvent. It was clearly intended by the parties that a pledge be given of the merchandise, when the accounts receivable, covered by the returned goods, no longer remained as collateral security. The right to the returned merchandise was absolute under the contract. It is therefore reasonably presumed that the parties did not deem the provision of their contract to be void and inoperative, and therefore they had cause to believe they had a right to take possession of the goods of the bankrupt and had a valid lien thereon. Taking such merchandise did not effect an unlawful preference. The appellants have no cause or reason to believe that the merchandise was such as general creditors of the bankrupt had a right to have subjected to their claims, and the appellants took possession of this merchandise because their contract expressly gave

them a lien thereon and the right to possession. A voidable preference cannot be established under such circumstances. Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 306, 49 L. Ed. 577; In re Glover Specialties Co. (D. C.) 18 F.(2d) 314.

■ As to the items delivered after the bankruptcy, they are not subject to the lien of the pledge. The bankrupt had no right in these goods taken after the petition was filed, and they now belong to the trustee in bankruptcy. In re Bernard & Katz, 38 F.(2d) 40 (C. C. A. 2).

A decree will be entered below providing that the trustee may prove his proportionate interest in the proceeds of the sale represented by the 25 or 30 items.

Decree modified accordingly.