## HIRSCHFELD v. NOGLE.
### No. 610.

District Court, E. D. Illinois.

Nov. 29, 1933.

Albert Tuxhorn, of Champaign, Ill., for complainant.

Little & Finfrock, of Urbana, Ill., for respondent.

LINDLEY, District Judge.

The bankrupt filed her voluntary petition on August 23, 1932, and was adjudged a bankrupt on September 2, 1932. The plaintiff, her duly appointed trustee in bankruptcy, sues to recover an alleged preference.

On March 8, 1930, the bankrupt executed in favor of defendant a chattel mortgage for a good consideration, which was duly acknowledged and recorded and became due March 7, 1932, and was never extended. About August 15, 1932, just prior to the filing of the petition in bankruptcy, the mortgagee took possession of the mortgaged chattels and advertised the same for sale, selling same the day after the petition in bankruptcy was filed, on the 24th day of August, 1932.

Under the statute of Illinois, this chattel mortgage was a valid lien from the time it was filed for record until 90 days after maturity. After the expiration of such period, it was no longer valid as against execution

creditors. Smith-Hurd Rev. St. Ill. 1933, c. 95, § 4. More than 90 days expired after such maturity before possession was taken. Consequently, just prior to the taking of possession, the mortgage, though valid as between the parties and as against general creditors, was void under the Illinois law as against execution creditors. In other words, after the mortgagee took possession of the chattels, his title under Illinois law was perfected against everybody, whatever may have been its defects prior to taking of possession. First National Bank of Crockett v. George R. Barse Live Stock Commission Co., 198 Ill. 232, at page 253, 64 N. E. 1097, and cases there cited; Emanuel Sondheimer et al. v. Joseph Graeser et al., 172 Ill. 293, 50 N. E. 174.

 At the time the mortgagee took possession, after the statutory lien had expired, the bankrupt was insolvent and the mortgagee was aware of that fact, and had reasonable cause to believe that the enforcement of its lien would amount to a voidable preference if, as a matter of law, the lien should be held invalid as against the trustee appointed later.

Plaintiff, as trustee in bankruptcy, claims that in view of the fact that he stands in the position of a judgment creditor armed with execution, the validity of defendant's mortgage may be attacked by him as a voidable preference, as the day when the chattels were reduced to possession was within four months prior to the filing of the petition in bankruptcy.

Section 60a of the Bankruptcy Act, as amended by the Act of February 5, 1903, § 13 (11 USCA § 96 (a), is as follows:

"A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required."

The clause providing that the four months within which the validity of a transfer could be attacked should not expire until four months from the date of record of the instrument where such record "was required," thus came into the act for the first time.

This act was amended in 1926 (11 USCA § 96 (a) by adding the two words "or permitted."

Section 60b of the same act, as amended by Act June 25, 1910, § 11 (11 USCA § 96 (b), is as follows:

"If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."

Section 47a (2) of the Bankruptcy Act, as amended by Act June 25, 1910, § 8, 11 USCA § 75 (a) (2), is as follows:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

Prior to the amendments of 1903 and 1910, the trustee in bankruptcy stood in the shoes of the bankrupt and had no title superior to that of the bankrupt. Consequently, any mortgage executed by the latter, valid between the parties, was likewise voted against the trustee. York Mfg. Co. v. Cassell et al., 201 U. S. 344, 26 S. Ct. 481, 50 L. Ed. 782.

Obviously, Congress, by the amendments mentioned, attempted to give the trustee the title of a judgment creditor armed with an execution and to fix the time as to when validity of transfers attacked as preferences should be determined as of the date of recording of the instrument. That this was the purpose appears clearly from the report of

the judiciary committee referred to at considerable length by Judge Trieber in the case of In re Bunch Commission Company (D. C.) 225 F. 243 at page 249. The committee reported in 1910 that the evil that it had attempted to correct in 1903 and was still struggling with was the prevention of secret liens validated by recording within four months prior to the adjudication. It recognized that the courts were at that time divided as to whether or not the amendment of 1903 had achieved the result it was intended to produce. It cited as cases holding that the time as of which the validity should be determined was the date of recording: First National Bank v. Connett (C. C. A.) 142 F. 33, 5 L. R. A. (N. S.) 148; McElvain v. Hardesty (C. C. A.) 169 F. 31. But it recognized that there were also federal cases holding to the contrary, that, even despite the amendment of 1903, in jurisdictions where only an execution creditor could attack a nonrecorded mortgage, the validity of the transfer as a preference would be determined as of the time of the original transfer, irrespective of the date of recording. In other words, though it was by state law required that a mortgage should be recorded in order to be valid as against execution creditors, yet the question of insolvency and the mortgagee's knowledge thereof would be determined as of the date when the original mortgage was executed and delivered, irrespective of the date of the recording thereof.

Judge Trieber in the case cited held that an unrecorded transfer of property valid as between the parties but invalid under the law of Arkansas as against execution creditors, gaining validity against all the world within the four months period by recording or taking possession of the property, was invalid in bankruptcy as a preference, if at the time of the recording the mortgagee knew that the bankrupt was insolvent and that a preference would result from the enforcement of his hitherto secret lien.

Apparently in line with this holding were the decisions of the Circuit Court of Appeals of the Seventh Circuit. Thus in Re Caslon Press, 229 F. 133, 135, that court held, in 1915, that the recording of a previously nonrecorded lien within the four-month period at a time when the essential conditions avoiding a preference were in existence, was ineffective in Illinois as against the trustee in bankruptcy, saying:

"Prior to the perfection of the transfer, petitioner was a creditor, and as its apparent security was worthless as against a trustee in bankruptcy, it was, for all practical purposes, an unsecured creditor; the effect of the enforcement of the security, which it finally obtained only by the later acts of the debtor, would enable it to obtain a greater percentage of its debt than any other unsecured creditor; the transfer thus completed was, therefore, a preference under section 60a, and voidable as such under section 60b, because made by an insolvent within four months of bankruptcy, operating as a preference at the time that it was perfected as a transfer, and received with reasonable cause to believe that this would be its effect."

Apparently to the same effect, from the same court, is In re Cannon, 31 F.(2d) 388. There the mortgagee gave up a previously nonrecorded instrument, taking a new one therefor and recording the same within four months prior to bankruptcy. The transaction was held invalid as an illegal preference.

However, the decision of Judge Trieber, though affirmed by the Circuit Court of Appeals for the Eighth Circuit, in Bunch v. Maloney, 233 F. 967, was reversed by the Supreme Court of United States in 246 U. S. 658, 38 S. Ct. 425, 62 L. Ed. 925, upon the authority of Martin v. Commercial Nat. Bank, 245 U. S. 513, 38 S. Ct. 176, 178, 62 L. Ed. 441. The last-mentioned case, decided by the Court of Appeals in 228 F. 651, disagreed with the decision in the Bunch Case and held the mortgage valid under similar facts. The Supreme Court upon appeal found that a mortgage, executed in Georgia, under the law of that state, was valid as between the parties, though not recorded. But, though it was not recorded until late within the four months, its validity as a preference was to be determined as of the date of the original transfer. The court, following its earlier decisions in the cases of Carey v. Donohue, 240 U. S. 430, 36 S. Ct. 386, 389, 60 L. Ed. 726, L. R. A. 1917A, 295, and Bailey v. Baker Ice Mach. Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275, said:

"The word 'required' in section 60b refers directly to statutes in many states relating to recording which through various forms of expression seek to protect creditors by providing that their rights shall be superior to transfers while off the record. Recognizing the beneficial results of these enactments and intending that rights based thereon might be utilized for the advantage of bankrupt estates, Congress inserted (amendment of 1910) the clause 'or of the recording or registering of the transfer if by law recording or registering thereof is required.' In Carey v. Don-

ohue we pointed out that purchasers are not of those in whose favor registration is 'required,' but that the reference is to persons concerned in the distribution of the estate, i. e., 'creditors including those whose position the trustee was entitled to take.' And we think it properly follows that before a trustee may avoid a transfer because of the provision in question he must in fact represent or be entitled to take the place of some creditor whose claim actually stood in a superior position to the challenged transfer while unrecorded and within the specified period."

In the earlier case of Carey v. Donohue, supra, the court said:

"Congress did not undertake in § 60 to hit all preferential transfers (otherwise valid) merely because they were not disclosed, either by record or possession, more than four months before the bankruptcy proceeding. * * * It is plain that the words are not limited to cases where recording is required for the purpose of giving validity to the transaction as between the parties. For that purpose, no amendment of the original act was needed, as in such a case there could be no giving of a preference without recording."

In the later case of Finance & Guar. Co. v. Oppenhimer, 276 U. S. 10, 48 S. Ct. 209, 72 L. Ed. 443, the Supreme Court adhered to this reasoning and held that the trustee could not succeed in an action to set aside such an instrument as a preference.

Following this decision, the Circuit Court of Appeals for the Seventh Circuit, in Johnson v. Burke Manor Bldg. Corp. et al., 48 F.(2d) 1031, 1034, 83 A. L. R. 1273, said:

"It is the settled rule in bankruptcy that, where a lien is good as between the parties, but because of the lack of registration or possession not good against lien creditors, its registration, or in a proper case the taking of possession of the property before bankruptcy, will render it valid as against the trustee in bankruptcy, and will not be held to be the obtaining of a preference. Finance & Guaranty Co. v. Oppenhimer, 276 U. S. 10, 48 S. Ct. 209, 72 L. Ed. 443; Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275."

The last-mentioned decision was handed down subsequent to the amendment of 1926. When Congress, in its last attempt to stamp a disapproval upon secret liens, added to section 60a the words "or permitted," the instrument in question in the case last cited had been executed, and the facts there before the court had come into existence, subsequent to the amendment. Inferentially, at least, the

court then held that the amendment of 1926 did not in substance change the law. This seems to be the holding of most courts. Thus in First Nat. Bank of Lincoln, Neb., et al., v. Live Stock Nat. Bank (C. C. A.) 31 F.(2d) 416, 419, the court said:

"The preferential character of these chattel mortgages must be determined as of the time they were given, and not as of the time they were recorded. Under the Nebraska law, unrecorded mortgages are good as against general creditors. Farmers' & Merchants' Bank v. Anthony, 39 Neb. 343, 57 N. W. 1029. Under section 60 of the Bankruptcy Act, as construed in Carey v. Donohue, 240 U. S. 430, 36 S. Ct. 386, 60 L. Ed. 726, L. R. A. 1917A, 295, and Martin v. Commercial National Bank, 245 U. S. 513, 38 S. Ct. 176, 62 L. Ed. 441, the validity of these mortgages would be determined as of the date they were made, and would be good, unless the amendment of 1926, adding to section 60a the words 'or permitted,' has changed the law applicable to them.

"The 1926 amendment changed only section 60a and not 60b. It simply made a preference as defined in this section conform to section 3b, and did not in any way change the rule with reference to preferences that were voidable. This distinction was recognized in Carey v. Donohue, supra, when the court said: 'Congress did not undertake in section 60 to hit all preferential transfers (otherwise valid) merely because they were not disclosed either by record or possession, more than four months before the bankruptcy proceeding.'"

See, also, Goldstein v. Rusch, 56 F.(2d) 10 (C. C. A. 2); Houck v. Gen. Motors, etc. (D. C.) 44 F.(2d) 410; Heiman v. Parnass et al. (D. C.) 40 F.(2d) 558; Northern Bond & Mortgage Co. v. King, 24 F.(2d) 156 (C. C. A. 7); Sample v. Getman-McDonnell-Summers Drug Co. (D. C.) 14 F.(2d) 170; Anderson v. Okla. Moline, etc. (C. C. A.) 246 F. 743, 747; In re Cunningham, 64 F.(2d) 296 (C. C. A. 4); Johnson v. Burke Manor Bldg. Corp., 48 F.(2d) 1031, 83 A. L. R. 1273 (C. C. A. 7). The case of Heil Co. v. Kelley, 63 F.(2d) 159 (C. C. A. 7), though apparently contra, seems to have turned upon the fact that there was actual fraud upon the part of the mortgagee.

Unfortunately, the Supreme Court has not passed upon the situation existing since the amendment of 1926, but following its reasoning in interpreting the language of the statute prior to the amendment, it is apparent it would still hold that Congress has not yet

achieved its desired result. See Bailey v. Baker Ice Mach. Co., 239 U. S. 268 at page 276, 36 S. Ct. 50, 54, 60 L. Ed. 275, where the court said:

"Had it been intended that the trustee should take the status of a creditor holding a lien by legal or equitable process as of a time anterior to the initiation of the bankruptcy proceeding, it seems reasonable to believe that some expression of that intention would have been embodied in § 47a as amended. As this was not done, we think the better view, and one which accords with other provisions of the act, is that the trustee takes the status of such a creditor as of the time when the petition in bankruptcy is filed. Here the petition was filed almost two months after the contract was filed for record, and therefore the trustee was not entitled to assail it under the recording law of the state."

See, also, Northern Bond & Mortgage Co. v. King, 24 F.(2d) 156 (C. C. A. 7), and First State Bank v. Fox (C. C. A.) 10 F.(2d) 116.

I conclude, therefore, that the amendment of 1926 did not materially change the law from that announced in the last reported decision of the Supreme Court. In this connection it should be observed that section 60b was not amended. See Remington on Bankruptcy, vol. 4, Supp. 1932, p. 243.

I am aware that in Stokes, etc., v. Johnson et al., 352 Ill. 371, 185 N. E. 567, the Supreme Court of Illinois held that a mortgage executed more than four months prior to the filing of a petition in bankruptcy but recorded within such four-month period was void as a preference, but I take it that said decision is not to be given preference over that of the Supreme Court as an interpretation of the Illinois statute, but that it is, correctly speaking, rather a decision upon a question involving the interpretation of the Bankruptcy Act, which must yield to the Supreme Court of the United States.

However persuasive the report of the judiciary committee may be as to the intent of Congress in 1903, 1910, and 1926 in amending the Bankruptcy Act in the regards mentioned, in view of the fact that the Supreme Court has decisively held that the ills intended to be cured have not been reached, I must hold that the question of validity of the mortgage in question as a preference must be determined as of the date of the execution of the mortgage, and not of the date when recorded. True, the lien had expired as against execution creditors, but the mortgagee had taken possession of the property prior to the filing of the petition.

All the material facts necessary to a decision of this case are included within the foregoing and are stipulated and agreed upon. The court has fully stated its conclusions of law.

The bill will be dismissed for want of equity, at the cost of plaintiff, payable in due course of administration.