AMERICAN NAT. BANK OF SAPULPA
v. HARRIS et al.
No. 1286.

Circuit Court of Appeals, Tenth Circuit.
June 5, 1936.

W. V. Pryor, of Sapulpa, Okl., for appellant.

Henry L. Fist, of Tulsa, Okl. (James F. Greason, of Sapulpa, Okl., on the brief), for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

On October 25, 1930, the Sapulpa Cooperative Milk Producers Association, for a valuable consideration, executed and delivered to one Murphy its promissory note for $1,000, bearing interest at eight per cent per annum. On the same day the Association executed and delivered to Murphy a chattel mortgage on certain of its personal property to secure such note. The mortgage was duly recorded on October 27, 1930. Thereafter, Murphy, for a valuable consideration, transferred the note and mortgage to the American National Bank.

The Bank failed to file a statement in accordance with section 11282, Okla.St. 1931, within thirty days immediately preceding the expiration of three years from the date the mortgage was recorded.[1]

---

[1] Section 11282, supra, reads as follows:

"A mortgage of personal property ceases to be valid as against creditors of the mortgagor, and subsequent purchasers or incumbrancers in good faith after the expiration of three years from the filing thereof, unless within thirty days next preceding the expiration of such term, a copy of the mortgage and a statement of the amount of existing debt for which the mortgagee or his assignee claims a lien, sworn to and subscribed by him, his agent or attorney, are filed anew in the office of the register of deeds, in the county in which the mortgagor then resides."

However, on November 21, 1933, after condition broken and with the consent of the Association, the Bank took possession of the mortgaged property and duly gave notice that on December 18, 1933, it would sell the same to satisfy the mortgage debt.

The failure to file the statement or to take possession of the mortgaged property prior to the expiration of the three year period was not due to any fraudulent purpose on the part of the Bank or the Association.

On December 18, 1933, certain creditors of the Association filed an action in the District Court of Creek County, Oklahoma, seeking an order restraining the sale and the appointment of a receiver for the property of the Association. A temporary restraining order was issued forthwith. On December 30, 1933, the court appointed a temporary receiver of the property of the Association who took possession of the property covered by the mortgage. The Bank was in continuous possession of such property from November 21, 1933, until it was deprived thereof by such receiver.

On January 16, 1934, an involuntary petition in bankruptcy was filed against the Association. The petition asked for the appointment of a receiver of the property of the Association. The Bankruptcy Court appointed a receiver who took charge of all the assets of the Association including the mortgaged property. Thereafter, the Association was duly adjudged a bankrupt and the mortgaged property was sold and the proceeds held to await the order of the Bankruptcy Court.

The Bank filed a secured claim based on the note and chattel mortgage, and therein asserted its lien.

The referee held the lien of the trustee in bankruptcy was superior to that of the mortgage; denied the claim as a secured claim, and allowed it as a common claim. From an order confirming the order of the referee, the Bank has appealed.

■ The law of Oklahoma controls with respect to the validity and priority of the mortgage.[2]

■ Under the law of Oklahoma an unrecorded chattel mortgage is valid between the parties thereto; and where the mortgagee, under an unrecorded chattel mortgage, takes possession of the mortgaged property with the consent of the mortgagor, he obtains a lien superior to creditors who have not theretofore acquired a lien thereon. The taking of possession is equivalent in its legal effect to recording.[3]

■ Since, at the time the Bank took possession of the mortgaged property, no creditor had fastened a lien thereon and the petition in bankruptcy had not been filed, the act of the Bank, being lawful under the laws of Oklahoma, created no preference, and the trustee occupied the position of a creditor who had obtained a lien subsequently thereto, and hence in rank, inferior to the lien of the Bank under its mortgage.[4]

■ The Bank did not lose its lien by surrendering the mortgaged property to the state court receiver in obedience to the order of that court. The receiver held it

---

[2] Great Western Stage E. Co. v. Iles (C.C.A. 10) 70 F.(2d) 197, 199; Midwest Production Company v. Doerner (C.C.A. 10) 70 F.(2d) 194, 195; Sweeney v. Medler (C.C.A. 10) 78 F.(2d) 148, 149; Thompson v. Fairbanks, 196 U.S. 516, 522, 25 S.Ct. 306, 49 L.Ed. 577; Martin v. Commercial National Bank, 245 U.S. 513, 38 S.Ct. 176, 62 L. Ed. 441; Bailey v. Baker Ice Machine Co., 239 U.S. 268, 36 S.Ct. 50, 60 L.Ed. 275.

[3] Oklahoma State Bank of Enid v. Buckner, 90 Okl. 109, 217 P. 189; Fiegel v. First Nat. Bank, 90 Okl. 26, 214 P. 181; Frick Co. v. Oats, 20 Okl. 473, 94 P. 682; Sample v. Getman-McDonnell-Summers Drug Co. (D.C.Okl.) 14 F.(2d) 170; Smith v. Curreather's Merc. Co., 76 Okl. 170, 184 P. 102.

[4] Finance & Guaranty Company v. Oppenhimer, 276 U.S. 10, 12, 48 S.Ct. 209, 72 L.Ed. 443; Martin v. Commercial National Bank, supra; Bailey v. Baker Ice Machine Company, supra; Great Western Stage E. Company v. Iles, supra; Stover v. Valley Nat. Bank (C.C.A. 3) 48 F.(2d) 54 (certiorari denied 284 U.S. 631, 52 S.Ct. 13, 76 L.Ed. 537); Johnson v. Burke Manor Bldg. Corporation (C.C.A. 7) 48 F.(2d) 1031, 1032, 83 A.L.R. 1273; First Nat. Bank v, Live Stock Nat. Bank (C.C.A. 8) 31 F.(2d) 416, 419; In re Cunningham (C.C.A. 4) 64 F.(2d) 296, 298, 299; In re Gibson (C.C.A. 6) 65 F.(2d) 921, 922; Hirschfeld v. Nogle (D.C.Ill.) 5 F.Supp. 234; Bonner v. First Nat. Bank of Athens (C. C.A. 5) 248 F. 692; Bunch v. Maloney, 246 U.S. 658, 38 S.Ct. 425, 62 L.Ed. 925; Schreiber v. Colt (C.C.A. 10) 80 F.(2d) 511.

for the benefit of the person ultimately entitled thereto. Commissioner v. Owens (C.C.A. 10) 78 F.(2d) 768, 773; Vandalia v. St. Louis, V. & T. H. R. Co., 209 Ill. 73, 70 N.E. 662, 664; Cook v. Terry, 19 Cal. App. 765, 127 P. 816, 817; Coy v. Title Guarantee & T. Co. (D.C.Or.) 198 F. 275, 280; Harrigan v. Gilchrist, 121 Wis. 127, 99 N.W. 909, 956.

When bankruptcy ensued the trustee was entitled to take possession of the mortgaged property subject ·to the lien of the mortgage. Zartman v. First Nat. Bank, 216 U.S. 134, 30 S.Ct. 368, 54 L.Ed. 418; In re Jersey Island Packing Co. (C.C.A. 9) 138 F. 625, 2 L.R.A.(N.S.) 560; Gadd v. Dawson (C.C.A. 8) 291 F. 327, 331; Rode & Horn v. Phipps (C.C.A. 6) 195 F. 414, 420; 11 U.S.C.A. §·110.

The Bank was entitled to file its claim as a secured claim, 11 U.S.C.A. §§ 1, 103; and assert therein its lien against the proceeds of the sale of the mortgaged property. Remington on Bankruptcy, Vol. 5, § 2485 and Vol. 6, § 2599; Weekley v. Oil Well Supply Co. (C.C.A. 4) 12 F.(2d) 539, 541. However, the better practice would have been to assert its claim against such proceeds by an intervening petition. Weekley v. Oil Well Supply Co., supra.

The order is reversed. The costs will be assessed against the trustee.