## No. 11,194.

WILDER, TRUSTEE *v.* COLORADO MOTOR FINANCE CO.

Decided March 1, 1926.

Action by trustee in bankruptcy to set aside an alleged preferential transfer of property. Judgment of dismissal.

### *Affirmed.*

1. PLEADINGS—*Construction.* In ascertaining whether a complaint is vulnerable to a general demurrer, courts must look only to the pleading itself, without regard to additional facts proposed to be presented on the trial in support of the ultimate facts pleaded.

2. COURTS—*Decisions—Federal and State.* State courts are bound by the decisions of the United States Supreme Court on questions involving the construction and meaning of the federal bankruptcy act.

3. CHATTEL MORTGAGES—*Validity.* As between mortgagor and mortgagee, unrecorded, improperly acknowledged, or unrenewed chattel mortgages, are valid, and are valid as to general creditors of the mortgagor who have not acquired a lien on the property mortgaged.

4. BANKRUPTCY—*Chattel Mortgages.* A trustee in bankruptcy appointed after possession of chattel property has been taken by a mortgagee, or after he takes and records a new mortgage on the property, stands in the same position as the mortgagor bankrupt, with no greater rights in the property than the latter possessed.

5. DEBTOR AND CREDITOR—*Preference.* An exchange of securities creates no preference, even though the debtor was insolvent at the time the exchange was made, and the creditor knew it.

6. BANKRUPTCY—*Chattel Mortgage—Preferential Transfer.* Where a creditor, more than four months before a petition in bankruptcy was filed, took mortgages on chattel property of the bankrupt, some of which were not properly acknowledged or recorded, and thereafter but within four months of the time the bankruptcy proceedings were instituted, took and recorded a new chattel mortgage on the same property in practically the same amount, the transaction constituted merely an exchange of securities, and created no preference.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Messrs. CLAY & BENTON, for plaintiff in error.

Mr. J. E. ROBINSON, Mr. WILLIAM E. HUTTON, Mr. BRUCE B. McCAY, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE case which Wilder, trustee in bankruptcy, attempts to make in his amended complaint, is that within the period of four months before the filing of the petition in bankruptcy the bankrupt made a voidable preferential transfer of practically all of its property to the defendant, thereby enabling defendant to obtain a greater percentage of its alleged claim against the bankrupt estate than any other creditor of the bankrupt of the same class would get, contrary to the provisions of sections 60-a, 60-b and 67-d of the Federal Bankrupt Act. The court sustained defendant's general demurrer to the complaint and dismissed the action. Such additional facts as might supplant or fortify the ultimate facts thus pleaded, which the plaintiff in his brief assures us he would have produced at the trial, and all argument based thereon must, of course, be disregarded as both trial and reviewing courts look only to the complaint to ascertain if it is vulnerable to a general demurrer.

The decision of the trial court was right and is sustained by an unbroken line of decisions in the Supreme Court of the United States and the inferior federal courts as well as by our own previous decisions. Whatever may be the opinion of the state courts with reference to the construction and meaning of the Federal Bankrupt Act, they are bound by the decisions of the Supreme

Court of the United States with respect thereto. The material facts appearing in the complaint are that the bankrupt, the S. & S. Motors Company, was engaged in the general retail automobile business in Denver and that the defendant, the Colorado Motor Finance Company, is doing business in the City of Denver in financing or lending money to those engaged in that business. The complaint charges that beginning November 9, 1922, down to and including July 19, 1923, the defendant at different times lent money to the bankrupt motors company and then took several chattel mortgages upon its automobiles to secure the same. Some of these mortgages were, and some were not, properly acknowledged and recorded; some were not recorded at all as our statute requires to protect the mortgagee as against the rights of subsequent purchasers and certain creditors. On October 11, 1923, when, as it is said in the complaint, defendant had reasonable cause to believe that the motors company was insolvent, the latter gave a mortgage to defendant in lieu of the previous mortgages upon the same property and in practically the same amount and defendant surrendered to the motors company such previous mortgage and the notes thereby secured, thus leaving a mortgage indebtedness the same in amount as the original debt and upon the property included in the preceding mortgages. As the amended complaint charges, in substance, that this is a voidable preferential transfer, plaintiff asks the appropriate relief in such cases.

Assuming with the plaintiff that he has correctly set forth the elements of a voidable preferential transfer, and that the mortgages which the bankrupt surrendered at the time the mortgage of October 11, 1923, was given, were improperly acknowledged chattel mortgages, and were never recorded and were not properly renewed and that the indebtedness secured thereby was past due and unpaid, and that the other elements, if any, necessary to constitute in certain cases a voidable preference are properly alleged, we say that the taking by defendant of

a new mortgage in lieu of the prior ones which were, as we shall presently show, valid as between the mortgagor and the mortgagee, did not constitute the transaction a voidable preferential transfer under section 60 of the Bankruptcy Act or of any other provision of that instrument.

1. As between the mortgagor and mortgagee these prior unrecorded or improperly acknowledged or unrenewed chattel mortgages were valid by express provision of our Chattel Mortgage Act; and valid as to ''general creditors'' of the mortgagor at the time the October mortgage was given and recorded, because no creditor at that time had acquired thereon a lien by way of execution or attachment or by contract. In *Bogdon v. Fort,* 75 Colo. 231, 225 Pac. 247, and in *Lewin v. Telluride Iron Works Co.,* 272 Fed. 590, it was held that in Colorado a chattel mortgage, improperly acknowledged or unrecorded, is good and valid as between the parties, and as against general creditors; and only invalid as against the rights and interests of third persons who had acquired some lien upon or title to the property while the same remained in possession of the mortgagor or while they were unrecorded, or before the mortgagee took possession. It was further held that a trustee in bankruptcy appointed after possession of the property had been taken by the mortgagee was not such a third person or creditor as had obtained a lien, but he stood in the position of the mortgagor bankrupt and had no greater rights to the property than the latter possessed. The only difference between the Bogdon, and the instant, case, and it is not material, is that in the Bogdon case actual possession was taken by the mortgagee before a lien had attached, while in the instant case the mortgagee, though it did not take physical or personal possession of the property, its act in recording the mortgage is made equivalent thereto by the express provisions of our Chattel Mortgage Act. C. L. 1921, § 5083. The trustee in bankruptcy never came into possession of this mortgaged

property. The complaint itself alleges that defendant mortgagee not only recorded its mortgage but also thereafter, on default in payment, took actual possession and sold the mortgaged property under foreclosure December 12, 1923, more than forty days before the bankruptcy proceedings were commenced. Under the facts as alleged in the complaint the transfer in question did not constitute a preference as against general creditors if the prior mortgages, which were surrendered at the time the latest one was given, were valid as between the parties; because, if there was no valid lien in favor of any creditors, the mortgagee rightfully took possession and sold the property before the bankruptcy proceedings were initiated.

The doctrine applicable to this case is well stated in 4 Remington on Bankruptcy (3d Ed.), § 1707, as follows:

"If, under State law, the prior security was void as against general creditors, it was void when the exchange was made, and the new mortgage, consequently, was given on a pre-existing indebtedness, within the four months' zone, and hence was preferential; whilst, if, under State law, the prior security was good as against general creditors and only void as to creditors where the creditors had levied, then the securities were of equal validity when the exchange was made, and the new mortgage consequently could not be properly held to have been given for a pre-existing debt but for an even exchange."

To the same effect are: *Sawyer v. Turpin,* 91 U. S. 114, 120, 23 L. Ed. 235; *Border Natl. Bank v. Coupland,* 240 Fed. 355, 153 C. C. A. 281; *State Bank of Williamson v. Fish,* 120 N. Y. Supp. 365, 367; *Deland v. Miller, etc., Bank,* 119 Iowa 368, 371; *Chapman v. Hunt,* 254 Fed. 768, 166 C. C. A. 214; *Stewart v. Hoffman,* 31 Mont. 190, 77 Pac. 689, 81 Pac. 3.

It is well settled that an exchange of security like that shown in this record, creates no preference even though the debtor was insolvant at the time the exchange was made and the creditor knew of it. *Cook v.*

*Tullis,* 18 Wall. (U. S.) 332, 21 L. Ed. 933; *Sawyer v. Turpin, supra; In re K. G. Whitfield & Bro.,* 290 Fed. 596, 599.

The chattel mortgage under which the sale was made was taken in exchange for other securities which were valid as against general creditors, and it was taken before the trustee was appointed. The surrender of the old, in lieu of the October, mortgage, and before the petition in bankruptcy was filed, amounted to nothing more than an exchange of securities. In *Martin v. Commercial Natl. Bank,* 245 U. S. 513, 38 Sup. Ct. 176, 62 L. Ed. 441, which was followed and its doctrine approved and enforced in *Bradley v. Robie,* 266 Fed. 884, and *Jones v. Bank of Excelsior Springs,* 201 Mo. App. 545, 213 S. W. 892, it was pointed out that an unrecorded chattel mortgage is not void as to general creditors. In *Bailey v. Baker Ice Machine Co.,* 239 U. S. 268, 276, 36 Sup. Ct. 50, 60 L. Ed. 275, it was held that a trustee in bankruptcy takes the status of a creditor holding a lien by legal or equitable process as of the time when the petition in bankruptcy is filed and not before. In that case the petition in bankruptcy was filed two months after the contract in question was filed for record, and the court held that this made good a previously acquired title that its holder had, as between the parties to such contract, though it was bad as to third persons who had an enforcible or equitable lien thereon.

Applying the doctrine of these cases we say that at the time the bankrupt gave the last mortgage in October, 1923, although it was within the period of four months before petition in bankruptcy was filed, the transaction, nevertheless, constituted merely an exchange of securities, the former securities being at the time valid and subsisting liens as between the mortgagor and the mortgagee. As these preceding valid mortgages were given more than four months before the bankruptcy petition was filed, the latest mortgage has the same virtue, and the same effect as did the former ones for which

it was substituted. The exchange of securities created no preference, although the debtor was insolvent at the time to the knowledge of the mortgagee creditor. Where, as in this case, the mortgage is recorded before the bankruptcy proceedings are commenced, the trustee in bankruptcy cannot attack it as preferential unless he represents some creditor who has fastened a lien upon the property prior to the recording of the mortgage or taking possession by the mortgagee. This complaint does not allege that such a lien was acquired by any creditor of the bankrupt at anytime. The trustee in bankruptcy has no more right to, or claim upon, this mortgaged property than the bankrupt himself had. The court in the Martin case, supra, referring to the previous case of *Carey v. Donohue,* 240 U. S. 430, (36 Sup. Ct. 386, 60 L. Ed. 726, L. R. A. 1917A, 295) after summarizing its doctrine says, page 519: "And we think it properly follows that before a trustee may avoid a transfer, * * * (an alleged preferential transfer), he must in fact represent or be entitled to take the place of some creditor whose claim actually stood in a superior position to the challenged transfer while unrecorded and within the specified period."

An additional observation is pertinent and applicable to a statement found in plaintiff's brief which, however, has no support in the record, that credit was extended to this bankrupt because no mortgage appeared of record. Repeating that there is nothing in the complaint to this effect, but if the statement were borne out by the record, the validity of the mortgage given to defendant in error would not be affected, for, as stated by the Supreme Court of the United States in *Sawyer v. Turpin, supra*: "If it be said failure to put it (i. e., a mortgage) on record enabled the debtor to maintain a credit which he ought not to have enjoyed, the answer is that the Bankrupt Act was not intended to prevent false credits. Its purpose is ratable distribution."

It follows that the judgment is right and it is affirmed.

Mr. Chief Justice Allen and Mr. Justice Sheafor concur.