## SCHREIBER v. COLT.

### No. 1284.

Circuit Court of Appeals, Tenth Circuit.

Dec. 10, 1935.

F. F. Schreiber, of Colorado Springs, Colo., pro se.

Irvin E. Jones, of Colorado Springs, Colo., for appellee.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

Appellee is the trustee of an estate now in bankruptcy, proceedings in which were initiated by the bankrupt November 21, 1934, and adjudication followed one week thereafter.

Appellant as creditor filed with the referee a promissory note and a chattel mortgage securing the same and asked for allowance of the amount due thereon as a secured claim. The referee denied appellant's right to preference, and this appeal followed after the District Judge approved the action of the referee.

The material facts, not in dispute, are as follows: On August 20, 1930, in consideration of $1,500 loaned to the bankrupt by appellant, the bankrupt gave her note for that amount and a mortgage on household chattels to secure its payment. In accordance with Colorado statutes (chapter 107, Compiled Laws Colorado, 1921, as amended in 1925, pp. 184, 185) the mortgage was extended from time to time to August 20, 1933. Early in September, 1934, the note by payments having been reduced to $1,200, appellant took a new note for the amount last named and a new chattel mortgage covering the same chattels that were named in the original mortgage, surrendered the old note and mortgage in consideration for the new one and filed the new mortgage of public record on or about September 13, 1934. It is observed that the filing of the new mortgage of public record occurred within four months prior to the initiation of bankruptcy; and this fact caused the bankruptcy court to reach the conclusion that it was a voidable preference. Section 60b of the Bankruptcy Act (11 U.S.C.A. § 96 (b). At the time the original mortgage was given the mortgagor was solvent, but when the new mortgage was given in September, 1934, she was insolvent, and appellant had knowledge of that fact. No other creditor had acquired or claimed a lien on the mortgaged chattels.

It is a narrow and mistaken view to regard the new mortgage as a transaction independent of the prior mortgage and the relations of the parties thereunder, as the court below seemed to do. The Colorado statute (section 5085) provides that:

"Every chattel mortgage shall be good and valid between the parties thereto until the indebtedness secured thereby is paid, or barred by the statute of limitations."

Section 5083 provides: "no mortgage of personal property shall be valid against the rights and interests of any third person or persons unless possession of such property be delivered to and remain with the mortgagee, or the mortgage be acknowledged and certified, and filed or recorded as provided in this act."

The first mortgage was also placed of public record. We so state because it is agreed that there were two extensions of the first mortgage, and by the statute a chattel mortgage must be filed or recorded, otherwise the extension can not be made. When the new mortgage was given time within which another extension of the old mortgage could be made had expired. The case of Wilder v. Colorado Motor Finance Co., 79 Colo. 97, 244 P. 596, 598, presented facts equivalent in their legal effect to the facts here. There the mortgagor gave several chattel mortgages to the same mortgagee. Some of them were not properly acknowledged and recorded, some were not recorded at all, and some were not renewed. Later the mortgagor gave a new mortgage in lieu of the previous mortgages upon the same property and in the same amount, and prior mortgages and the notes thereby secured were surrendered, leaving a mortgage indebtedness the same in amount as the original debt and upon the same property included in the preceding mortgages. Of this the court, speaking through Mr. Justice Campbell, said: "the transaction, nevertheless, constituted merely an exchange of securities, the former securities being at the time valid and subsisting liens as between the mortgagor and the mortgagee. As these preceding valid mortgages were given more than four months before the bankruptcy petition was filed, the latest mortgage has the same virtue and the same effect as did the former ones for which it was substituted."

The same property as security and the unpaid balance of the same debt named in the first note and mortgage was named in the new mortgage. The latter continued the obligations of the first. Moreover, and perhaps of more import, the new mortgage was filed of record more than two months prior to the initiation of bankruptcy proceedings. We therefore conclude, as did the Supreme Court of Colorado, that the new mortgage was not a voidable preference, although the mortgagor was to the knowledge of the mortgagee insolvent when the new mortgage was given. This is in accord with the construction given sections 60b and 47a of the Bankruptcy Act (11 U.S.C.A. §§ 96 (b), 75 (a), by the United States Supreme Court and inferior federal courts. Martin v. Commercial Nat. Bank, 245 U.S. 513, 38 S.Ct. 176, 62 L.Ed. 441; Bailey v. Baker Ice Machine Co., 239 U.S. 268, 36 S.Ct. 50, 60 L.Ed. 275; Carey v. Donohue, 240 U.S. 430, 36 S.Ct. 386, 60 L.Ed. 726, L.R.A. 1917A, 295; Bunch v. Maloney, 246 U.S. 658, 38 S.Ct. 425, 62 L.Ed. 925, reversing Bunch v. Maloney (C.C.A.) 233 F. 967; Finance & Guaranty Co. v. Oppenhimer, 276 U.S. 10, 48 S.Ct. 209, 72 L.Ed. 443; Lewin v. Telluride Iron Works Co. (C. C.A.) 272 F. 590.

Reversed with directions to allow appellant's claim as preferred against the mortgaged property or the funds arising therefrom, if it has been sold by the trustee.