**In the Matter of William Ralph CRAWFORD, Bankrupt.**

**No. 5654.**

United States District Court
E. D. Tennessee, Northeastern Division.

April 29, 1957.

W. B. Earthman, Kingsport, Tenn., for the bankrupt.

Wilson, Worley & Gamble, Kingsport, Tenn., for Tennessee Eastman Credit Union.

ROBERT L. TAYLOR, District Judge.

Presented here for review is the Referee's action in disallowing a portion of

Tennessee Eastman Credit Union's claim as a secured claim. The Court is of the opinion that the Referee was in error and that the entire claim should have been allowed.

The debtor, an employee of Tennessee Eastman Company, on August 16, 1955, gave his note for $500 payable to Tennessee Eastman Credit Union. From the proceeds of the note, he applied $300 on his account with the credit union and $200 he received as cash. He was adjudged a bankrupt January 25, 1956. The transaction in controversy occurred December 6, 1955, when the debtor gave his note to the credit union for $500. From the proceeds of this note, he applied $275 to satisfaction of the unpaid balance on the note of August 16, 1955. The remainder, or $225, he received in cash. As security for each note the debtor assigned to the payee out of wages or moneys due or to become due him from his employer, Tennessee Eastman Company, such amount as would pay the note, or designated installments thereof, when due. Each assignment was accepted by Tennessee Eastman Company. The referee allowed the credit union's claim as to the cash advanced to the payee, but disallowed the $275 item on the ground that it was payment of an antecedent debt, or a "past-due consideration."

In allowing the claim as to the $225 received by the debtor as cash, the Referee held that the assignment respecting each note was valid and constituted the note in each case a secured one, but only as to the amount of cash advanced. Presumably the theory applied was that assets due creditors were not depleted where cash was advanced, but were depleted where the unpaid balance on an outstanding debt was credited. At the time of the bankruptcy, Tennessee Eastman Company held funds of $480 due the debtor. The credit union's claim was allowed as to $225 of such funds, but denied as to the rest.

The note of August 16, 1955, provided for payment in bi-weekly installments of $25 over a period of 40 weeks. The period of 40 weeks would have expired about May 24, 1956, about four months after the debtor was adjudged a bankrupt. Had the note of December 6, 1955, not been substituted for that of August 16, the latter would have been the one in effect at the time of the bankruptcy.

These facts present two questions. First, did the assignment of August 16, 1955, operate to secure the entire note of $500? Second, if the answer is in the affirmative, was the security lost as to part of the amount secured by reason of substitution of a new note with a new assignment within four months next preceding the bankruptcy?

By its terms the assignment is made to secure the entire note. Its validity is indivisible, money previously advanced and money presently advanced being equally secured, where such is the intention of the assignor. Dobson v. Dobson, 1 Tenn.App. 369. It is in this matter of purpose that the present case is distinguishable from Thompson v. American Lumber & Mfg. Co., 148 Tenn. 470, 256 S.W. 447. The answer to the first question, accordingly, is in the affirmative. The assignment of August 16, 1955, was valid as security for the entire note and had there been no substitution this note would have entitled the credit union to be treated as a secured creditor for the $275, as well as for the cash advanced to the debtor.

Nor did the note of August 16 lose its status of a secured debt by reason of substitution of the note of December 6. The several transactions between the debtor, his employer and the credit union show an intention that a continuity of security should exist, with each new note and each assignment intended as a substitute for its predecessor. Where such arrangement exists, the renewed security takes the place of the old without any breach of continuity. Allowance of the claim of the credit union as to both the cash advanced and the credit extended, therefore, would not have amounted to a voidable preference. Sullivan v. Myer, 137 Tenn. 412, 193 S.W. 124; Sawyer v. Turpin, 91 U.S. 114, 23 L.Ed. 235; Schreiber v. Colt, 10. Cir., 80 F.2d 511.

In view of the foregoing, the petitions for review filed by Tennessee Eastman Company and Tennessee Eastman Credit Union should be sustained. Let the appropriate order be prepared.