**WHITEFISH LUMBER COMPANY, Appellant,**

v.

**INDUSTRIAL SUPPLY COMPANY et al., Appellee.**

**WHITEFISH PLYWOOD CORPORATION, Appellant,**

v.

**William L. ROYER, Trustee, Appellee.**

**Nos. 17143, 17186.**

United States Court of Appeals Ninth Circuit.

Nov. 2, 1961.

James A. Cumming, Columbia Falls, Mont., for appellants.

Walchli, Korn, Warden & Walterskirchen by Merritt N. Warden, Murphy, Robinson & Keller, Rockwood & Sykes, Kalispell, Mont., for appellees Industrial Supply Co., and others.

Merritt N. Warden, Kalispell, Mont., for appellee William L. Royer, Trustee.

Before POPE, MERRILL and DUNIWAY, Circuit Judges.

PER CURIAM.

These two separate appeals involve involuntary bankruptcy proceedings taken against Whitefish Lumber Company, a corporation engaged in the sawmill and lumber business at Whitefish, Montana. In the first case, the bankrupt appeals from the district court's order sustaining the adjudication of bankruptcy. In the second case, Whitefish Plywood Corporation, a creditor of the bankrupt appeals from the district court's order appointing an attorney for the trustee in bankruptcy. In both cases we are satisfied that the orders of the district court must be affirmed for the reasons set forth by the district court in unpublished orders and opinions appearing in the records

before this court. In one respect, however, we feel that the issues presented, from the point of precedential usefulness, warrant an opinion by this court.

The act of bankruptcy asserted by the petitioning creditors was a preferential transfer by the bankrupt: the giving (on July 15, 1958, and within four months from the filing of the original bankruptcy petition) of a chattel mortgage to secure an antecedent debt. The mortgage was given in renewal of a previous chattel mortgage filed April 26, 1956, as to which the period for filing the statutory affidavit of renewal had expired.[1]

The bankrupt here contends, as it did in the district court, that a mortgage for which the time for renewal has expired nevertheless remains a valid and subsisting lien as between the mortgagor and the mortgagee and is valid against general creditors, as differentiated from lien creditors; that the tardy filing of the renewal affidavit would not, therefore, constitute a preferential transfer. In this respect the bankrupt relies upon Schreiber v. Colt, 10 Cir., 1935, 80 F.2d 511.

As the district court pointed out, however, § 60 of the bankruptcy act in a significant respect has been amended since Schreiber was handed down. In 1938 that section was amended to circumscribe the effect of the authorities upon which the court relied in Schreiber. See 3 Collier on Bankruptcy, § 60.42, pages 932–934. Again amended in 1950, § 60, sub. a(2), 11 U.S.C.A. § 96, now provides:

"* * * a transfer of property other than real property shall be deemed to have been made or suffered at the time when it became so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a

simple contract could become superior to the rights of the transferee. * * *"

Referring to the period of time between the expiration of the original mortgage and the filing of the renewal affidavit, the district court stated:

"During that twenty day period, a lien could have been obtained upon the property 'by legal or equitable proceedings on simple contract' which would have been superior to the rights of the mortgagee. It appears accordingly that the new or renewal mortgage was a transfer within the meaning of Section 60 [sub.,] a of the Bankruptcy Act. In other words, at the commencement of the four-months period the new chattel mortgage was not 'perfected' as against liens obtainable by legal and equitable proceedings."

We agree.

In both cases the district court is affirmed.

---

1. Section 52–305, Revised Codes of Montana, 1947, reads in part:
"* * * A mortgage of personal property, executed and filed as hereinbefore provided, ceases to be valid as against creditors of the mortgagor or subsequent purchaser or encumbrancer in good faith, after the expiration of two

years and sixty days from the filing thereof, except as hereinafter provided." Section 52–306 provides for the filing of an affidavit of renewal of a mortgage within sixty days after the expiration of two years from the date of the filing of the mortgage.